**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

CRH/JMH/EHS
F. #2017R00906

May 25, 2021

By Email and Electronic File Sharing

Lawrence S. Lustberg
Gibbons P.C.
1 Gateway Center
Newark, New Jersey 07102

Brian Neary
Court Plaza South
21 Main Street, Suite 305-A
Hackensack, New Jersey 07601

Re: United States v. Michael McMahon
Criminal Docket No. 21-265 (PKC)

Dear Messrs. Lustberg & Neary:

Enclosed please find the government's initial discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant. Pursuant to Rule 16.1 of the Federal Rules of Criminal Procedure, the government is available to confer further about pretrial discovery at a mutually convenient time. We will be contacting you in the near future to discuss the entry of an appropriate protective order to govern production of additional discoverable materials.

I. The Government's Discovery

A. Statements of the Defendant

Enclosed please find the following materials that reflect statements by the defendant:

| Bates Number | Description |
|---|---|
| MM0000001 | Recording of statements made by the defendant on or about October 28, 2020[1] |

B. The Defendant's Criminal History

At this time, the government is not aware of any relevant criminal history for the defendant.

C. Documents and Tangible Objects

The government hereby provides the following documents and other information, some of which may also contain statements of the defendant:

| Bates Number | Description |
|---|---|
| MM0000002 | Advice of rights form signed by the defendant, dated October 28, 2020 |

You may examine any physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling experts at trial to testify regarding (1) forensic analysis and examination of electronic devices; (2) operations by foreign governments in the United States; and (3) the program known as "Operation Fox Hunt" and "Operation Skynet."

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

---

[1] Previously produced to you on May 5, 2021 as "MCMAHON_000001."

  F.  Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

  G.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

III.  Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

To the extent the defendant has been incarcerated, or becomes incarcerated during the pendency of this prosecution, the government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other

legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals. To enable this process and to the extent it becomes necessary, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

MARK J. LESKO
Acting United States Attorney

By:     /s/ Craig R. Heeren
        Craig R. Heeren
        J. Matthew Haggans
        Ellen H. Sise
        Assistant U.S. Attorneys
        (718) 254-7000

Enclosures

cc:     Clerk of the Court (PKC) (by ECF) (without enclosures)