

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CRH/JMH/EHS                          *271 Cadman Plaza East*
F. #2017R00906                       *Brooklyn, New York 11201*

July 12, 2021

<u>By Email and Electronic File Sharing</u>

Lawrence S. Lustberg
Genna A. Conti
Gibbons P.C.
1 Gateway Center
Newark, New Jersey 07102

Brian Neary
Court Plaza South
21 Main Street, Suite 305-A
Hackensack, New Jersey 07601

> Re:    United States v. Michael McMahon
>        <u>Criminal Docket No. 21-265 (PKC)</u>

Dear Counsel:

Enclosed please find additional discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, supplementing our productions dated May 5 and May 25, 2021. The government also requests reciprocal discovery from the defendant. Pursuant to Rule 16.1 of the Federal Rules of Criminal Procedure, the government remains available to confer further about pretrial discovery at a mutually convenient time.

The materials provided with today's production are being provided subject to the protective order agreed to by the parties and entered by the Court on June 18, 2021. <u>See</u> ECF No. 70. In particular, we note that the government considers the materials produced today to constitute "Sensitive Discovery Material." <u>See id.</u> at ¶¶ 7-11. If you wish to discuss the designation of this material as "Sensitive," please do not hesitate to contact us.

The documents bearing Bates numbers MM-000003 through MM-000560 consist of search warrants and related documentation, including but not limited to electronic accounts and cellular telephone accounts associated with the defendant. These materials also bear markings reflecting their designation as "Sensitive Discovery Material," as discussed above.

<u>Future Discussions</u>

        If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

        Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

        Very truly yours,

        JACQUELYN M. KASULIS
        Acting United States Attorney

By:    /s/ J. Matthew Haggans
        Craig R. Heeren
        J. Matthew Haggans
        Ellen H. Sise
        Assistant U.S. Attorneys
        (718) 254-7000

Enclosures (via USAFx)
cc:    Clerk of the Court (PKC) (by ECF) (without enclosures)