UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

              - against -                                  **MEMORANDUM & ORDER**
                                                              21-CR-265 (PKC) (S-1)
HU JI, et al.,

                     Defendants.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        On July 21, 2021, the grand jury returned a Superseding (S-1) Indictment ("Superseding Indictment") charging nine defendants, including Defendant Michael McMahon, with acting as an agent of a foreign government without prior notification to the Attorney General in violation of 18 U.S.C. § 951(a), stalking in violation of 18 U.S.C. § 2261A(1)(B), and conspiracy in violation of 18 U.S.C. § 371.[1] McMahon moves under Federal Rule of Criminal Procedure 12(b) to dismiss Counts 1 through 4 for failure to allege the essential facts necessary to state a cause of action, and to dismiss Counts 2 and 4 for failure to adequately allege facts establishing that venue is proper in this District. (*See* Brief in Support of Defendant Michael McMahon's Motion to Dismiss ("McMahon Br."), Dkt. 114-1.) The Government filed an opposition on January 21, 2022 (*see* Government's Memorandum of Law in Opposition ("Gov. Br."), Dkt. 120), and McMahon filed a reply on February 4, 2022 (*see* Reply Brief in Support of Defendant Michael McMahon's Motion to Dismiss ("McMahon Reply"), Dkt. 121). For the reasons below, McMahon's motion is denied in its entirety.

---

[1] The Court assumes the parties' familiarity with the allegations in the Superseding Indictment and does not recite the allegations in full. (*See* S-1 Indictment, Dkt. 76.)

# LEGAL STANDARD[2]

"Under the Fifth Amendment to the Constitution, a defendant has a substantial right to be tried only on charges presented in an indictment returned by a grand jury." *United States v. Dupree*, 870 F.3d 62, 70 (2d Cir. 2017). "Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment 'must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Stringer*, 730 F.3d 120, 123–24 (2d Cir. 2013) (quoting Fed. R. Crim. P. 7(c)(1)).

"An indictment is sufficient as long as it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Dawkins*, 999 F.3d 767, 779 (2d Cir. 2021). "To satisfy these requirements, an indictment need do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id.* "[I]n an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." *United States v. Bout*, 731 F.3d 233, 240 (2d Cir. 2013).

"At the indictment stage, [courts] do not evaluate the adequacy of the facts to satisfy the elements of the charged offense." *United States v. Wedd*, 993 F.3d 104, 121 (2d Cir. 2021). "[B]efore a district court can dismiss an indictment on sufficiency grounds," the government "must make a detailed presentation of the entirety of the evidence." *United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018). "In the alternative, an indictment may be dismissed on a pretrial motion

---

[2] Unless otherwise noted, legal citations in this Memorandum & Order omit any internal quotation marks, citations, brackets, and ellipses.

where the material facts are undisputed, there is no government objection, and only an issue of law remains, . . . or where there is a stipulated record." *United States v. McClain*, No. 19-CR-40A, 2019 WL 8955241 (HKS), at *2 (W.D.N.Y. Dec. 9, 2019) (collecting cases), *report and recommendation adopted*, 2020 WL 1503227 (W.D.N.Y. Mar. 30, 2020).

## DISCUSSION

Count 2 of the Superseding Indictment charges McMahon with acting as an agent of a foreign government without prior notification to the Attorney General in violation of 18 U.S.C. § 951(a). Count 4 charges McMahon with stalking in violation of 18 U.S.C. § 2261A(1)(B). Counts 1 and 3 charge McMahon with conspiracy to commit these two substantive offenses, respectively, in violation of 18 U.S.C. § 371. McMahon moves to dismiss the Superseding Indictment under Federal Rule of Criminal Procedure 12(b) for failure to allege essential facts and for improper venue.

### I. Substantive Counts

The Court first considers whether the Superseding Indictment adequately alleges the essential facts as required by Rule 7(c)(1). It addresses McMahon's arguments in the order presented in his motion to dismiss: (A) Interstate Stalking, (B) Acting as an Agent of a Foreign Government, and (C) Conspiracy. The Court then considers the arguments in (D) McMahon's Reply.[3]

#### A. Interstate Stalking

A person is guilty of interstate stalking if he or she "travels in interstate or foreign commerce . . . with the intent to kill, injure, harass, intimidate, or place under surveillance with

---

[3] The Court separately addresses the arguments in Defendant McMahon's reply because they differ from his original motion and, in his reply, McMahon urges the Court to adopt a largely unsupported standard of review for the sufficiency of an indictment.

3

intent to kill, injure, harass, or intimidate another person, and . . . causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to [that] person . . . ." 18 U.S.C. § 2261A(1)(B).

Count Four of the Superseding Indictment alleges:

> In or about and between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere . . . McMahon . . . together with others, did knowingly and intentionally travel in interstate and foreign commerce, with the intent to harass and intimidate, and place under surveillance with the intent to harass and intimidate one or more persons . . . and in the course of, and as a result of, such travel, engaged in conduct that caused, attempted to cause, and would be reasonably expected to cause John Doe #1 and Jane Doe #1 substantial emotional distress.

(S-1 Indictment, Dkt. 76, ¶ 65.)

McMahon argues that the Superseding Indictment fails to adequately allege that he "either 'traveled in interstate or foreign commerce' or 'engaged in conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to' that person, that person's immediate family member, or that person's spouse or intimate partner." (McMahon Br., Dkt. 114, at 5 (quoting 18 U.S.C. § 2261A(1)(B)).) First, he argues that "each and every act allegedly performed by Mr. McMahon as asserted in the Superseding Indictment occurred within the State of New Jersey," so the Government fails to adequately allege the "interstate or foreign commerce" element. (*Id.* at 6.) Second, he contends that the Superseding Indictment fails to "support" the allegation "that [he] engaged in conduct 'that caused, attempted to cause and would be reasonably expected to cause John Doe #1 and Jane Doe #1 substantial emotional distress'" (*id.* at 7 (quoting S-1 Indictment, Dkt. 76, ¶ 65)), and "fails to allege at any point that the subjects of [his] investigation were even aware that [he] was conducting surveillance" (*id.* (citing S-1 Indictment, Dkt. 76, ¶ 23)).

4

However, "there is no requirement that an indictment contain such detail." *Wedd*, 993 F.3d at 121. Rather, because the [Superseding] Indictment "track[s] the language of [18 U.S.C. § 2261A(1)(B)] and state[s] the time and place (in approximate terms) of the alleged crime"—that is, "between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere" (S-1 Indictment, Dkt. 76, ¶ 65)—it is sufficient. *Dawkins*, 999 F.3d at 779. The Government does not purport to make "a detailed presentation of the entirety of the evidence" in the Superseding Indictment, *Sampson*, 898 F.3d at 282, and there is nothing in the statute "that requires the facts or acts relating to [McMahon's] course of conduct be described in the indictment as necessary elements of the crime charged," *see United States v. Lubienecki*, No. 20-CR-77A (HKS), 2020 WL 7248323, at *3 (W.D.N.Y. Oct. 20, 2020) (discussing a parallel provision, 18 U.S.C. § 2261A(2)), *report and recommendation adopted*, 2020 WL 7239872 (W.D.N.Y. Dec. 9, 2020). Whether the Government can introduce evidence to support the charge is a question of sufficiency that is inappropriate at this stage. *See Wedd*, 993 F.3d at 121; *cf. United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) ("We have never held that an indictment alleging a violation of the Hobbs Act must specify the precise nature of the effect upon interstate commerce that the government intends to prove at trial, and we decline to do so now."); *United States v. Martinez*, No. 15-CR-309 (KBF), 2015 WL 5781430, at *1 (S.D.N.Y. Oct. 2, 2015) ("Defendants argue that the various items they are accused of conspiring to rob . . . would, even if proven, be insufficient to meet the interstate commerce element . . . . This argument misunderstands the Government's burden at this stage of the proceedings.").

In any event, even if the supplemental allegations in the Superseding Indictment did constitute "a detailed presentation of the entirety of the evidence," *Sampson*, 898 F.3d at 282, they would permit the inference that McMahon at least aided and abetted a violation of 18 U.S.C.

§ 2261A(1)(B). Under 18 U.S.C. § 2(a), an aider and abettor "is punishable as a principal." 18 U.S.C. § 2(a).[4] A person aids and abets a crime under 18 U.S.C. § 2(a) if he or she "(1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *United States v. Delgado*, 972 F.3d 63, 73 (2d Cir. 2020) (quoting *Rosemond v. United States*, 572 U.S. 65, 71 (2014)), *as amended* (Sept. 1, 2020), *cert. denied sub nom. Anastasio v. United States*, 141 S. Ct. 1114 (2021).

The Superseding Indictment alleges, among other things, that the "co-conspirators planned to bring John Doe #1's elderly father from" the People's Republic of China ("PRC") "to the United States in order to communicate a threat," that "several co-conspirators traveled from the PRC to the United States" in furtherance of this scheme, and that McMahon supported the scheme through "months of investigative work." (S-1 Indictment, Dkt. 76, ¶ 20.) McMahon and a co-defendant who had flown to the United States from the PRC then "discussed (in English) additional steps to intimidate John Doe #1 into returning to the PRC," and McMahon "specifically proposed they 'harass' John Doe # 1, including by '[p]ark[ing] outside his home and let him know we are there.'" (S-1 Indictment, Dkt. 76, ¶ 33 (alterations in original).) These allegations support the inference that McMahon took affirmative acts in furtherance of his co-defendants "travel[ing] in interstate or foreign commerce . . . with the intent to . . . harass[] [or] intimidate" John Doe #1 in an "attempt[] to cause . . . substantial emotional distress to [John Doe #1]"—which are the elements of the offense charged in Count 6 (18 U.S.C. § 2261A(1)(B))[5]—"with the intent of facilitating the

---

[4] Counts 2 and 4 of the Superseding Indictment include charges under 18 U.S.C. § 2(a). (*See* S-1 Indictment, Dkt. 76, ¶¶ 60, 65.)

[5] *Cf. United States v. Fusco*, No. 09-CR-1239 (PKC), 2012 WL 4320456, at *4 (S.D.N.Y. Sept. 17, 2012) (holding that "the evidence was sufficient to sustain a conviction for aiding and abetting interstate travel in aid of racketeering," despite the defendant being "a member of a regional faction of a crime family centered in New York," because the defendant knew others

offense's commission," *Delgado*, 972 F.3d at 73. These allegations also suggest, contrary to McMahon's argument, that he "shared his alleged co-conspirators' intent to repatriate the subject to the PRC" through a scheme of surveillance and harassment. (McMahon Reply, Dkt. 121, at 9.)

The Court therefore declines to dismiss Count 4.

### B. Acting as an Agent of a Foreign Government

A person violates 18 U.S.C. § 951(a) when he or she "acts in the United States as an agent of a foreign government without prior notification to the Attorney General." 18 U.S.C. § 951(a). The term "agent of a foreign government" means "an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official." *Id.* § 951(d). "[T]he government is required only to prove that [the] [d]efendant (1) acted (2) at the direction of or under the control of a foreign government, and (3) failed to notify the Attorney General before taking such action." *United States v. Ying Lin*, No. 15-CR-601(S-2) (DLI), 2018 WL 3416524, at *4 (E.D.N.Y. July 11, 2018).

> Count 2 of the Superseding Indictment alleges:
>
> In or about and between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant[] . . . MICHAEL MCMAHON . . . together with others, did knowingly act in the United States as agents of a foreign government, to wit: the PRC government, without prior notification to the Attorney General of the United States, as required by law.

(S-1 Indictment, Dkt. 76, ¶ 60.)

McMahon argues that the additional factual allegations in the Superseding Indictment "show only that" he engaged in legal work as a private investigator, and "not that [he] agreed to, or was even aware, that the investigation was at the direction or control of a foreign government

---

would travel to New York to deliver proceeds from the enterprise), *aff'd*, 560 F. App'x 43 (2d Cir. 2014).

7

or official." (McMahon Br., Dkt. 114, at 9.)  Again, however, "there is no requirement that an indictment contain such detail," *Wedd*, 993 F.3d at 121, and the language in the Superseding Indictment "track[ing] the language of [18 U.S.C. § 951(a)] and stat[ing] the time and place" of the alleged violation in approximate terms, *Stringer*, 730 F.3d at 124—that is, "between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere" (S-1 Indictment, Dkt. 77, ¶ 60)—is sufficient.

In any event, even considered independently, the supplemental facts alleged in the Superseding Indictment would permit the inference that McMahon "act[ed] in the United States as an agent of a foreign government without prior notification to the Attorney General," 18 U.S.C. § 951(a), or at very least aided and abetted that crime.  As noted, the Superseding Indictment alleges that "defendants MICHAEL MCMAHON and ZHU FENG discussed (in English) additional steps to intimidate John Doe #1 into returning to the PRC," and that "MCMAHON specifically proposed they 'harass' John Doe # 1, including by '[p]ark[ing] outside his home and let him know we are there.'" (S-1 Indictment, Dkt. 76, ¶ 33 (alterations in original).)  This and the other supplemental allegations permit the inference that, contrary to McMahon's argument, he knew the illicit nature of his work and "that the investigation [he was participating in] was at the direction or control of a foreign government or official." (McMahon Br., Dkt. 114, at 9.)

The Court therefore declines to dismiss Count 2.

## C. Conspiracy

A person is guilty of conspiracy if he or she conspires with another "to commit any offense against the United States."  18 U.S.C. § 371.  The Superseding Indictment alleges, among other things, that McMahon, "together with other co-conspirators, participated in an international campaign to threaten, harass, surveil and intimidate John Doe #1, Jane Doe #1 and their adult daughter, Jane Doe #2." (S-1 Indictment, Dkt. 76, ¶ 13.)  It also alleges that two of the co-

conspirators "hired the defendant MICHAEL MCMAHON to investigate and surveil John Doe #1." (*Id.* ¶ 18.) Count 1 charges McMahon and others with "knowingly and willfully conspir[ing] to act in the United States as agents of a foreign government, . . . contrary to Title 18, United States Code, Section 951(a)." (*Id.* ¶ 57.) Count 3 charges McMahon and others with "knowingly and willfully conspir[ing] to travel in interstate and foreign commerce, with the intent to harass and intimidate, and place under surveillance with the intent to harass and intimidate, one or more persons, . . . contrary to Title 18, United States Code, Section 2261A(1)(B)." (*Id*. ¶ 62.)

McMahon argues that the Superseding Indictment does not adequately allege that he participated in a conspiracy. First, he contends that the Court must dismiss the conspiracy counts because the substantive counts are deficient. Second, he argues that "[t]he Superseding Indictment fails to set forth any factual assertion that [he] knowingly and willfully entered into an agreement with another to commit an offense against the United States." (McMahon Br., Dkt. 114-1, at 10.) McMahon is wrong on all points.

First, as discussed, the Superseding Indictment adequately alleges the substantive counts. So, even if McMahon were correct—which he is not—that dismissal of the substantive counts would require dismissal of the conspiracy counts, this argument is unavailing. Further, it is well-established that dismissal of a substantive court does not, in itself, require dismissal of a related conspiracy count. *See United States v. Goodrich*, 12 F.4th 219, 229 (2d Cir. 2021) ("[T]he essence of conspiracy is the agreement and not the commission of the substantive offense.").

Second, "it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy," and "an indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution

9

based on the same set of events." *Bout*, 731 F.3d at 240–41. The portions of the Superseding Indictment quoted above easily meet this standard.

In any case, the Superseding Indictment provides additional detail beyond what is necessary under Rule 7(c)(1). *Id.* (*See, e.g.*, S-1 Indictment, Dkt. 76, ¶¶ 21, 26–37.) For example, as noted, it alleges:

- On or about March 27, 2017, the defendant HU JI contacted the defendant MICHAEL MCMAHON and advised MCMAHON that John Doe #1's father was traveling from the PRC to the United States, asked MCMAHON (in English) to "trace" the father and locate John Doe #1's address and offered to pay MCMAHON in cash for his assistance. MCMAHON accepted the offer. HU JI later emailed MCMAHON two photographs, one of which depicted John Doe #1 and Jane Doe #1 while the other depicted John Doe #1's parents. (*Id.* ¶ 21.)

- On or about April 11, 2017, the defendants MICHAEL MCMAHON and ZHU FENG discussed (in English) additional steps to intimidate John Doe #1 into returning to the PRC. MCMAHON specifically proposed they "harass" John Doe # 1, including by "[p]ark[ing] outside his home and let him know we are there." (*Id.* ¶ 33 (alterations in original).)

Thus, contrary to McMahon's argument, the Superseding Indictment alleges facts to support the inference that McMahon "knowingly and willfully entered into an agreement to engage in an unlawful scheme on behalf of the PRC to repatriate an individual." (McMahon Br., Dkt. 114-1, at 11.)

The Court therefore declines to dismiss Counts 1 and 3.[6]

---

[6] Because the Court finds the Superseding Indictment sufficient for the reasons discussed, it need not consider whether the allegations in the Superseding Indictment would support liability under *Pinkerton v. United States*, 328 U.S. 640 (1946), which provides that a jury "may find a defendant guilty of a substantive offense that he did not personally commit if it was committed by a coconspirator in furtherance of the conspiracy, and if commission of that offense was a reasonably foreseeable consequence of the conspiratorial agreement." *United States v. McCoy*, 995 F.3d 32, 63 (2d Cir. 2021) (citing *Pinkerton*, 328 U.S. at 646–48).

### D. McMahon's Reply Arguments

In his reply brief, McMahon contends that the Government "misunderstands [his] argument." (McMahon Reply, Dkt. 121, at 3.) He clarifies that he "does not allege that the Government must reveal any evidence at this stage beyond the factual allegations contained in the Superseding Indictment," but rather "that because the . . . Superseding Indictment contains factual allegations well beyond simply tracking the words of the [statutes], including detailed allegations about the locations of events and nature of Mr. McMahon's surveillance, the Court must . . . analyze whether the factual allegations contained in the Superseding Indictment allege the crimes charged as a matter of law, whether or not they conclusorily allege the elements of the offense." (*Id.* at 3–4 (record citations omitted).) He essentially argues that because the Superseding Indictment contains substantially *more* alleged facts than are typically required, the Court must treat the supplemental allegations as the *entirety* of what the Government may seek to prove through its evidence.[7] This is plainly incorrect.

As noted, the Government has not purported to "make a detailed presentation of the entirety of the evidence." *Sampson*, 898 F.3d at 282. Although the "twenty-five page Superseding Indictment contains factual allegations well beyond simply tracking the words of the [relevant statutes]" (McMahon Reply, Dkt. 121, at 4), the Government has not agreed to limit its trial evidence to these supplemental facts. *See United States v. Rosado*, No. 21-CR-3 (JSR), 2021 WL 2292856, at *2 (S.D.N.Y. June 4, 2021) ("Though the defendant insists that this case presents a 'closed universe of evidence' (whatever that may mean), there is no suggestion -- and the Government denies -- that the prosecution has made a detailed presentation of the entirety of the

---

[7] Notably, McMahon is not arguing, nor could he, that the additional factual allegations make it impossible for him to have committed the charged offenses. He is arguing that, taken as true, they do not account for every element of these crimes.

evidence."). In fact, the Government attests that "[n]o such full proffer of evidence has been made." (Gov. Br., Dkt. 120, at 22.) "Accordingly, the Court may address only the sufficiency of the [Superseding] Indictment on its face." *Rosado*, 2021 WL 2292856, at *2. And, as previously explained, facial validity entails "little more than track[ing] the language of the statute charged and stat[ing] the time and place (in approximate terms) of the alleged crime." *Dawkins*, 999 F.3d at 779.

This is true even where, as here, the indictment is a "speaking indictment"—*i.e.*, an indictment that contains details beyond those typically necessary under Rule 7(c)(1). In *United States v. Murgio*, 209 F. Supp. 3d 698, 710 (S.D.N.Y. 2016), for example, the defendant was charged with operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. The defendant moved to dismiss the indictment, arguing that "the Government ha[d] failed to allege that [he] *transmitted* money or funds." *Id.* Although the defendant did "not contest that the Indictment track[ed] the language of § 1960 and provide[d] approximate dates and locations where the charged conduct took place," he contended "that because the Indictment [was] a 'speaking indictment,' the fact that it [did] not include specific allegations about transmission [was] fatal." *Id.* at 710–11. The court rejected this argument, declining to apply "this enhanced pleading requirement." *Id.* at 711. Here, too, the Government's inclusion of additional detail in the Superseding Indictment does not subject the Government to an "enhanced pleading requirement." The Government ultimately still must prove each statutory element, but the Court declines to restrict the Government because it elected to provide more detailed allegations than are required under Rule 7(c)(1).

McMahon relies on several cases to argue for a contrary rule. (McMahon Reply, Dkt. 121, at 4.) First, McMahon cites *United States v. Laurent* (*id.*), where the court observed that

"[d]ismissal is required where the conduct alleged in the indictment as a factual basis for the offense is not actually prohibited by the language of the statute," 861 F. Supp. 2d 71, 109 (E.D.N.Y. 2011). But when it made that observation, the court in *Laurent* had already granted the defendant's motion for a bill of particulars, and it held only that it would dismiss the indictment "[i]f the government fail[ed] to come forward with sufficient *evidence* to establish a violation of the statute." *Id.* (emphasis added). It did not dismiss the indictment, but simply noted that the bill of particulars would "constitute 'a full proffer of the evidence [the government] intend[ed] to present at trial.'" *Id.* at 110 (quoting *Alfonso*, 143 F.3d at 776–77). *Laurent*, therefore, supports the previously discussed principle that "the government must make a detailed presentation of the entirety of the evidence before a district court can dismiss an indictment on sufficiency grounds." *Sampson*, 898 F.3d at 282. The Government has made no such presentation here, and "the district court lacks the authority to *require* the government, before trial, to make such a presentation as this could effectively force a summary judgment-like motion on the government." *Wedd*, 993 F.3d at 121.

Second, McMahon relies on *United States v. Aleynikov* (McMahon Reply, Dkt. 121, at 13, 15, 20), where the court dismissed a computer fraud charge alleging that the defendant had "exceeded [his] authorized access" to a computer, 737 F. Supp. 2d 173, 174, 194 (S.D.N.Y. 2010). There, however, "the adequacy of [the] indictment [turned] on the interpretation of statutory language." *See id.* at 177. Although the defendant had allegedly "misused" the information he obtained on the computer, "[t]he [g]overnment concede[d] that [he] was authorized to access the [information]." *Id.* at 191, 194. The only issue was whether "misuse" of the information, which the government admitted had been lawfully obtained, amounted to "exceed[ing] authorized

13

access."[8]  Here, by contrast, the Government has not conceded anything—it simply has not listed each piece of evidence it intends to introduce to support the allegations and charges in the Superseding Indictment.[9]

Third, McMahon cites *United States v. Pirro* (McMahon Reply, Dkt. 121, at 4, 13), where the Second Circuit affirmed dismissal of a fraud indictment because the defendant's alleged omission could not support the charge, 212 F.3d 86, 93 (2d Cir. 2000).  But *Pirro* was "one of the very rare cases in which an indictment that tracked the statutory language and furnished the pertinent dates was held insufficient." *Stringer*, 730 F.3d at 125.  The Second Circuit has since clarified that *Pirro* "f[e]ll in that less-common category" because it involved charges of criminal falsity, where the "specification of how a particular element . . . will be met (as opposed to categorical recitation of the element) is of such importance to the fairness of the proceeding that it must be spelled out in the indictment." *Id.* at 126.  The statutes charged here, by contrast, are not in this "less-common category."

Fourth, McMahon cites *United States v. Pacione* (McMahon Reply, Dkt. 121, at 4, 13), where the Second Circuit affirmed dismissal of five counts in an indictment, 738 F.2d 567, 573 (2d Cir. 1984).  As in *Aleynikov*, however, the issue was one of statutory interpretation—namely, whether the defendant's usurious loan amounted to "violence or other criminal means" under an extortionate credit statute.  The government did not claim to have evidence of "violence or other

---

[8] The Supreme Court recently affirmed that it is not a violation of 18 U.S.C. § 1030 for a person to misuse information obtained from a computer that the person was authorized to access. *See Van Buren v. United States*, 141 S. Ct. 1648 (2021).

[9] Throughout his Reply, McMahon suggests that the Government has "effectively conced[ed]" various points and acknowledged "deficiencies" in its arguments.  (*See* McMahon Reply, Dkt. 121, at 1, 6, 7, 13, 15, 20, 22, 23.)  In challenging venue, McMahon contends that "the Government expressly concedes . . . that Mr. McMahon never left the State of New Jersey." (*Id.* at 22.)  As discussed below, McMahon mistakes alternative arguments for concessions.

criminal means" beyond the usurious loan alleged in the indictment, but instead argued that "threats [regarding the usurious loan] *constituted* threats to use 'other criminal means' . . . as defined by [the statute]." *Id.* at 569 (emphasis added). The case turned on the parsing of the statutory language and legislative history. In that sense, "the material facts [were] undisputed, there [was] no government objection, and only an issue of law remain[ed]." *See McClain*, 2019 WL 8955241, at *2. This case is not in such a posture, and the Government has not conceded that its evidence will be limited to the supplemental facts specified in the Superseding Indictment.

Finally, McMahon relies on *United States v. Mennuti* (McMahon Reply, Dkt. 121, at 4, 13), where the Second Circuit upheld the dismissal of an indictment because the "facts did not suffice to show that destruction of two private residences by means of an explosive constituted the destruction of a building 'used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce,'" as required under the statute, 639 F.2d 107, 113 (2d Cir. 1981), *abrogated in part*, *Jones v. United States*, 529 U.S. 848, 855 n.6 (2000). But in *Mennuti*, "the government had voluntarily submitted an affidavit containing the entirety of its proof," so the court did not rely on the allegations in the indictment. *Sampson*, 898 F.3d at 282; *Mennuti*, 639 F.2d at 108–09 & n.1. Rather, it relied on the "extraordinarily narrow" exception for when "the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial." *Sampson*, 898 F.3d at 282; *see also United States v. Prussick*, No. 220-CR-48 (DRH) (ARL), 2021 WL 4902529, at *4 (E.D.N.Y. Oct. 21, 2021) ("In *United States v. Mennuti*, the Government made a full proffer of the evidence via a detailed presentation of the entirety of the evidence that it would present to a jury."). Again, the Government has made no such proffer here.

\* \* \*

For these reasons, the Court rejects McMahon's reply argument that the Court must "analyze whether the factual allegations contained in the Superseding Indictment allege the crimes charged as a matter of law" (McMahon Reply, Dkt. 121, at 4), at least insofar as McMahon means that the Court must consider those allegations beyond the extent to which the Superseding Indictment "(1) contains the elements of the offense charged and fairly informs [him] of the charge against which he must defend, and (2) enables [him] to plead an acquittal or conviction in bar of future prosecutions for the same offense," *Dawkins*, 999 F.3d at 779.

## II. Venue

McMahon also moves to dismiss Counts 2 and 4 of the Superseding Indictment on the ground that venue is improper in the Eastern District of New York.

### A. Legal Standard

"The Constitution requires that 'the Trial of all Crimes be held in the State where the said Crimes shall have been committed.'" *United States v. Thompson*, 896 F.3d 155, 171 (2d Cir. 2018) (quoting U.S. Const. art. III, § 2, cl. 3). "In Rule 18, the Federal Rules of Criminal Procedure echo that directive: 'Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.'" *Id.* (quoting Fed. R. Crim. P. 18). "Congress has further effected the constitutional requirement by statute, permitting 'offenses begun in one district and completed in another to be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." *Id.* (quoting 18 U.S.C. § 3237(a)). Thus, "venue may lie in more than one place if the acts constituting the crime and the nature of the crime charged implicate more than one location." *Id.*

When "a defendant is charged with multiple crimes in a single indictment, the government must satisfy venue with respect to each charge." *United States v. Purcell*, 967 F.3d 159, 186 (2d Cir. 2020), *cert. denied*, 142 S. Ct. 121 (2021). "The government bears the burden of proving

venue, but need only establish it by a preponderance of the evidence." *Id.* "[A]n indictment, alleging on its face that the offenses occurred 'within the Eastern District of New York and elsewhere,' suffices to sustain it against a pretrial attack on venue." *United States v. Lange*, No. 10-CR-968 (DLI), 2012 WL 511448, at *1 (E.D.N.Y. Feb. 15, 2012).

B. Analysis

Counts 2 and 4 of the Superseding Indictment allege that McMahon carried out the acts that violated 18 U.S.C. §§ 2261A(1)(B) and 951(a) "within the Eastern District of New York and elsewhere." (S-1 Indictment, Dkt. 77, ¶¶ 60, 65.) McMahon argues "venue is improper in the Eastern District of New York" because his alleged conduct "constituting the essential elements of Counts [2] and [4] of the Superseding Indictment occurred exclusively outside of the Eastern District of New York." (McMahon Br., Dkt. 114-1, at 11.) He contends that the Court must "look at the remaining, detailed allegations that the Government chose to include in its twenty-five page Superseding Indictment, as well as its unambiguous concession that Mr. McMahon never entered the Eastern District of New York in performing the investigative services that are the basis for the criminal charges against him." (McMahon Reply, Dkt. 121, at 21–22.) The Court rejects McMahon's argument for several reasons.

First, Courts have repeatedly declined to dismiss on venue grounds indictments alleging "that the offenses occurred 'within the Eastern District of New York and elsewhere.'" *United States v. Bellomo*, 263 F. Supp. 2d 561, 579 (E.D.N.Y. 2003).[10] As noted, this is exactly what Superseding Indictment alleges here. (*See* S-1 Indictment, Dkt. 77, ¶¶ 60, 65.)

---

[10] *See, e.g.*, *United States v. Metter*, 860 F. Supp. 2d 205, 207 (E.D.N.Y. 2012) (holding that the defendant's "pre-trial challenge to the appropriateness of venue as to Counts 1–5 [was] frivolous" because, "[i]n Counts 1–5, the Superseding Indictment state[d] that the conduct at issue occurred 'within the Eastern District of New York and elsewhere'"); *United States v. Bronson*, No. 05-CR-714 (NGG), 2007 WL 2455138, at *4 (E.D.N.Y. Aug. 23, 2007) ("The Superseding

Second, the Government does not "concede" at all, let alone "unambiguously," that "McMahon never entered the Eastern District of New York in performing the investigative services that are the basis for the criminal charges against him." (McMahon Reply, Dkt. 121, at 22.) Rather, the Government simply notes that "the sufficiency of the evidence as to venue 'is not appropriately addressed on a pretrial motion to dismiss an indictment' unless 'the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial.'" (Gov. Br., Dkt. 120, at 22 (quoting *Alfonso*, 143 F.3d at 777).) The Government points out that "[n]o such full proffer of evidence has been made," and that it intends to introduce "testimony from witnesses and a number of records that will be relevant to venue."[11] (*Id.*) The Government then argues *in the alternative* that "[e]ven if McMahon were permitted to challenge the venue at this time, his claim would fail," and that "[a] defendant does not need to physically enter a district for venue to attach." (*Id.*) McMahon's description of this as an "unambiguous concession" (McMahon Reply, Dkt. 121, at 21–22) is a gross mischaracterization of the Government's brief.

Third, for the reasons discussed with respect to the substantive counts, the Court declines to limit the Government's evidence of venue to the supplemental facts alleged in the Superseding

---

Indictment alleges facts sufficient to support venue because it alleges that the criminal activity occurred 'within the Eastern District of New York and elsewhere.'"); *United States v. Szur*, 97-CR-108 (JGK), 1998 WL 132942, at *9 (S.D.N.Y. Mar. 20, 1998) ("[O]n its face, the Indictment alleges that the offense occurred 'in the Southern District of New York and elsewhere,' which is sufficient to resist a motion to dismiss."); *United States v. Chalmers*, 474 F. Supp.2d 555, 574–75 (S.D.N.Y. 2007) (rejecting a defendant's argument that the "allegation that the charged conduct took place 'in the Southern District of New York and elsewhere' [was] insufficient to support venue because it fail[ed] to indicate which specific criminal acts were committed in th[at] District").

[11] McMahon criticizes the Government for "declin[ing] to provide such a proffer" and "withholding facts from both Mr. McMahon and the Court that allegedly support the [G]overnment's proof of venue." (McMahon Reply, Dkt. 121, at 20.) But "the district court lacks the authority to *require* the government, before trial, to make such a presentation as this could effectively force a summary judgment-like motion on the government." *Wedd*, 993 F.3d at 121.

Indictment. As noted, the Government intends to introduce "testimony from witnesses and a number of records that will be relevant to venue." (Gov. Br., Dkt. 120, at 22.) It has not suggested that the allegations in the Superseding Indictment are the only bases for its proof as to venue.[12]

The Court therefore denies McMahon's motion to dismiss Counts 2 and 4 for failure to adequately allege that venue is proper in this District.

## CONCLUSION

For the reasons above, Defendant Michael McMahon's motion to dismiss the Superseding (S-1) Indictment is denied in its entirety.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 28, 2022
       Brooklyn, New York

---

[12] In his Motion, McMahon relies on *United States v. Cabrales*, 524 U.S. 1 (1998), and *United States v. Beech-Nut Nutrition Corporation*, 871 F.2d 1181 (2d Cir. 1989). But the government in *Cabrales* did "not dispute that the acts which form[ed] the elements of [the substantive] offenses occurred outside" the relevant district, *United States v. Cabrales*, 109 F.3d 471, 472 (8th Cir. 1997), and *Beech-Nut* involved the reversal of a conviction after trial because the *evidence* failed to establish venue, 871 F.2d at 1189–91. Here, as noted, the Government has not conceded anything, and no evidence has been introduced. In his Reply, McMahon also cites *United States v. Hoskins*, 902 F.3d 69 (2d Cir. 2018), and *United States v. Ramos-Fernandez*, 48 F. App'x 340, 341 (2d Cir. 2002) (summary order). But in *Hoskins*, unlike here, "the government conceded that the defendant did not enter the United States during the relevant time period," 902 F.3d at 76, and in *Ramos-Fernandez*, unlike here, dismissal of the indictment turned on a question of statutory interpretation, and the government did not dispute what evidence it intended to introduce regarding venue.