# Exhibit 5

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 2 6 2022 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

UNITED STATES OF AMERICA,

              - against -

TAWANNA HILLIARD,

                    Defendant.

-------------------------------------------------------X

**JURY INSTRUCTIONS**
19-CR-358 (S-1) (PKC)

PAMELA K. CHEN, United States District Judge:

       Ladies and gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions.

       As you know, the Defendant Tawanna Hilliard is charged with witness retaliation, conspiracy to retaliate against witnesses, tampering with witnesses, conspiracy to tamper with witnesses, obstruction of justice, conspiracy to obstruct justice, harassment of witnesses and conspiracy to harass witnesses. The Defendant has pleaded not guilty to all charges.

       My instructions will be in three parts:

       First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case such as this.

       Second, I will instruct you as to the particular crimes charged in this case and the specific elements that the Government must prove with respect to each crime.

       Third, I will give you some general rules regarding your deliberations.

**COURT'S**
EXHIBIT NO. 1
IDENTIFICATION/EVIDENCE
DKT.# 19CR358
DATE: 4/26/22

## I.    GENERAL INSTRUCTIONS: ROLE OF THE COURT AND JURY

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. For example, on occasion, I may have asked questions of a witness. You should attach no special significance to these questions simply because they were asked by me.

2

## A.    FUNCTION OF THE INDICTMENT AND WHAT IS NOT IN EVIDENCE

The Defendant has been charged in an Indictment with violating federal laws. The Indictment is merely a statement of the charges against the Defendant. The Indictment is not itself evidence nor does it create an inference of guilt. As previously stated, the Defendant has entered a plea of not guilty to the charges against her in the Indictment.

## B.    THE DEFINITION OF EVIDENCE AND MEANING OF OBJECTIONS

You must determine the facts in this case based solely on the evidence presented, or those inferences which can reasonably be drawn from the evidence presented. Evidence has been presented to you in the form of sworn testimony from the witnesses and documentary exhibits that have been received in evidence by me. As I will also instruct you, certain evidence is admissible only for a limited purpose.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

Certain things are not evidence: the Indictment; arguments, statements, or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard.

3

Certain evidence was admitted during this trial for a limited purpose. For example, you heard evidence that Khalif Watson may have taken certain actions against the Defendant's son, Tyquan Hilliard, including trying to make it seem that Tyquan Hilliard was cooperating with the government. This evidence was admitted for a limited purpose. You may consider this evidence only to the extent you find it relevant to the Defendant's intent with respect to the charged offenses in this case.

## C.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

As I mentioned in my opening instructions, there are, generally speaking, two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There is no distinction between the weight to be given to these two types of evidence. You must base your verdict on a reasonable assessment of all of the evidence in the case.

**Direct evidence** is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, tasted, or heard.

The other type of evidence—**circumstantial evidence**—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example of circumstantial evidence is as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry. However, after several hours in the courtroom where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella. Without you ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors.

That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

4

You are permitted to draw, from the facts that you find to have been proved, such reasonable inferences as would be justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case. Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Perhaps the Government asks you to draw one, and the Defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

No significance should be attached to the fact that a document, other exhibit, or witness testimony was introduced by one party rather than by the other. Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

### D.    WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all of the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or part of any witness's testimony. In deciding whether and to what extent to believe a witness's testimony, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

5

- the witness's ability to recall and describe those things;

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in light of all of the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and

- whether the witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

## E. TESTIMONY OF THE DEFENDANT

The Defendant did not testify in this case. Under our Constitution, the Defendant has no obligation to testify or to present any other evidence because it is the Government's burden to prove her guilt beyond a reasonable doubt. You may not attach any significance to the fact that the Defendant did not testify. Nor may you draw any adverse inference against the Defendant

6

because she did not take the witness stand. In your deliberations in the jury room, you may not consider this decision against the Defendant in any way.

## F.    TESTIMONY OF LAW ENFORCEMENT OFFICERS

During the trial, you heard testimony from law enforcement officers. The fact that a witness is or was employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness, and what weight, if any, that testimony deserves.

## G.    TESTIMONY OF EXPERT WITNESSES

Ordinarily, witnesses are restricted to testifying concerning matters of fact. In this case, I have permitted (a) certain witness(es), who we refer to as (an) "expert witness(es)," to express their opinions about matters that are at issue. An expert witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the

7

witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

In sum, an expert witness is in all other respects the same as any other witness. You should consider his or her qualifications, his or her experience, his or her interest in the outcome of the case, if any, his or her demeanor, and all the other factors you have been instructed to consider in assessing the credibility of other witnesses.

## H.    TESTIMONY OF COOPERATING WITNESSES

During the trial, you heard testimony of a so-called "cooperating witness." The law allows the use of accomplice and co-conspirator testimony. Indeed, it is the law in federal courts that the testimony of a single accomplice or co-conspirator may be enough in and of itself to sustain a conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who believes that he may be able to obtain his own freedom or receive a lighter sentence by giving testimony favorable to the prosecution has a different motive from ordinary witnesses and testimony must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony, if any, to believe. I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. Instead, I will say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses. You should ask yourselves whether these witnesses would benefit more by lying or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that a witness was motivated by hopes of personal gain, was this motivation one that would cause him to lie, or was it one that would cause him or her to tell the truth? Did this motivation color his testimony at all?

8

You heard testimony that the cooperating witness in this case has been promised that if he provides substantial assistance to the Government and testifies truthfully, completely, and fully, the Government will present to the sentencing court what is called a 5K1.1 letter, or a "5K letter." The 5K letter sets forth the cooperating witness's criminal acts as well as the substantial assistance the witness has provided. I instruct you that the 5K letter does not guarantee the cooperating witness a lower sentence. This is because the sentencing court may, but is not required to, take the 5K letter into account when imposing a sentence on the cooperating witness. Thus, while the decision regarding whether to write the 5K letter rests with the Government, the final determination as to the sentence to be imposed rests with the court. Ultimately, you should look at all of the evidence in deciding what credence and what weight you give to the testimony of the cooperating witness.

## I.   WITNESS INTERVIEWS

There was testimony at trial that the attorneys for the parties interviewed witnesses when preparing for and during the course of the trial. There is nothing inappropriate about such meetings. Attorneys have an obligation to prepare their case as thoroughly as possible and, in the discharge of that responsibility, to interview witnesses. However, you may consider the frequency and duration of these preparation sessions, and the impact they may have had on the witness's testimony, in evaluating the credibility of the witness.

## J.   NO DUTY TO CALL WITNESSES, TO PRODUCE EVIDENCE, OR TO USE PARTICULAR INVESTIGATIVE TECHNIQUES

Although the Government bears the burden of proof beyond a reasonable doubt, and although a reasonable doubt can arise from lack of evidence, you are instructed that there is no legal requirement that the Government use any specific investigative techniques, pursue every investigative lead to prove its case, or disclose an ongoing investigation to the public or to victims.

9

The Government, its agents, and employees are not on trial. Therefore, although you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. Additionally, the law does not require that all things mentioned during the course of the trial be produced as exhibits. Your concern is to determine whether or not, on the evidence or lack of evidence, the Defendant's guilt has been proved beyond a reasonable doubt.

In this regard, I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses. Both the Government and the defense have the same right to subpoena witnesses to testify on their behalf. There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way. I remind you, however, that because the law presumes that the Defendant is innocent, the burden of proving her guilt beyond a reasonable doubt is on the Government throughout the trial. The Defendant does not have the burden of proving her innocence or of producing any evidence or calling any witnesses at all.

## K.    RECORDINGS AND TRANSCRIPTS OF RECORDINGS

Recordings of jail calls were admitted into evidence. These recordings were made with notice to the initial participants that the calls were being recorded. The use of this evidence is lawful.

During the trial, you were shown written transcripts that the parties agree fairly and reasonably accurately reflect what was said on the recordings that have been received as evidence.

10

Those were shown to you as an aid or guide to assist you in listening to the recordings. However, they are not in and of themselves evidence. You alone should make your own interpretation of what appears on the recordings based on what you heard. If you think you heard something differently than appeared on the transcript, then what you heard is controlling. Let me say again, you, the jury, are the sole judges of the facts.

## L.   CHARTS AND SUMMARIES

The parties presented certain evidence in the form of charts, schedules and summaries. I decided to admit these charts, schedules and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts, schedules and summaries as you would any other evidence.

However, the charts and summaries used in closing arguments are not in evidence unless specifically admitted into evidence. These charts and summaries were shown to you in order to make the evidence more meaningful and to aid you in considering the evidence. They are no better than the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts, schedules, or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules, and summaries if you find they are of assistance to you in analyzing the underlying evidence.

## M.   STIPULATIONS OF FACT

A stipulation is an agreement among the parties that a certain fact is true. The attorneys for the Government and the attorneys for the Defendant have entered into a number of stipulations concerning facts that are relevant to this case. As you may recall, those were read into the record

11

during the trial. When the attorneys on both sides stipulate and agree as to the existence of a fact, you must accept the stipulation as evidence, and regard that fact as proved.

## N.    UNCHARGED ACTS CONSIDERED FOR A LIMITED PURPOSE

You have heard evidence that the Defendant may have participated in conduct other than the crimes charged in the Indictment. The Defendant is not on trial for committing any acts not charged in the Indictment. Nor may you consider evidence of those other acts as proof that the Defendant has a criminal propensity or bad character; that is, you may not conclude that the Defendant likely committed the crimes charged in the Indictment because she was predisposed to criminal conduct. You may only consider evidence of uncharged acts or statements, expressions, beliefs, opinions, acts, or communications, as evidence of the Defendant's motive, knowledge, absence of mistake, or lack of accident, with respect to the charged acts. Evidence of uncharged conduct by the Defendant may not be considered by you for any purpose other than the ones I have just listed.

## O.    OTHER PERSONS NOT ON TRIAL

During this trial, you have heard evidence about the involvement of other persons in the events related to this case. You may not draw any inference, favorable or unfavorable, toward the Government or the Defendant from the fact that certain persons are not on trial before you. That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case. Nor should you draw any inference from the fact that any other person is not present at this trial. Your concern is solely the defendant on trial before you.

## P.     NO SYMPATHY, FEAR, PREJUDICE, OR BIAS

In reaching your verdict, you are to be guided solely by the evidence in this case, and not be swayed by sympathy, fear, prejudice, or bias for one side or the other. The crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the Defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has met that burden as to each element of the crime charged, solely on the basis of the evidence before you and the law as I charge you. If you should find that the Government has met its burden of proving the Defendant's guilt beyond a reasonable doubt, you may render a verdict of guilty without concern for sympathy or any other reason. On the other hand, if you have a reasonable doubt as to the Defendant's guilt, you should not hesitate because of sympathy, fear, prejudice, or bias for or against anyone to find the Defendant not guilty.

In reaching your decision as to whether the government has sustained its burden of proof, you may not consider any personal feelings you may have about the Defendant's race, ethnicity, national origin, sex or age, or that of any witness or anyone else involved in this case. All persons charged with a crime are entitled to the same presumption of innocence. The government has the same burden of proof with respect to all persons. Accordingly, the Defendant's status does not lessen or increase the Government's burden of proof. As with any other individual charged with a crime, the issue is whether the Government has met its burden of demonstrating each and every element of the offense beyond a reasonable doubt as to the Defendant.

## Q.     EQUALITY OF THE GOVERNMENT AND THE DEFENSE BEFORE THE COURT

The fact that this prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation.

13

By the same token, the Government is also entitled to no less consideration. All parties, whether the Government or individuals, are equal before the law.

## R.    PUNISHMENT

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence on a particular defendant in the event of a conviction rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the Defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow consideration of the punishment that may be imposed upon the Defendant, if she is convicted, to influence your verdict in any way, or to enter into your deliberations in any sense.

## S.    PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

I will now give specific instructions regarding the presumption of innocence and the burden of proof in this case.

As I have previously instructed you, the Defendant is before you today because she has been charged in an Indictment with violating federal law. The Indictment is merely a statement of the charge and is not itself evidence. The Defendant is therefore presumed to be innocent of the charges against her, and that presumption alone, unless overcome, is sufficient to acquit her.

To convict the Defendant, the burden is on the Government to prove the Defendant's guilt as to each element of the charges beyond a reasonable doubt. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The legal presumption of innocence remains in force until such time, if ever, that you as a jury are satisfied that the Government has proven the guilt of the Defendant as to each element of the particular crime charged beyond a reasonable doubt. Your task in deliberations is not to decide between guilt and innocence; it is to decide between guilty and not guilty based on the evidence

14

or lack of evidence. Indeed, the presumption of innocence alone requires you to acquit the Defendant of the charge you are considering unless you are unanimously convinced that the Government has proven that she is guilty of that charge beyond a reasonable doubt.

## T.    REASONABLE DOUBT

You may be wondering what constitutes a "reasonable doubt." It is doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence or lack of evidence. Proof beyond a reasonable doubt must, therefore, be proof that is so convincing that a reasonable person, based on that proof, would not hesitate to draw the conclusion offered by the Government.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the guilt of the Defendant as to a particular charge, you should find Defendant guilty of that charge. On the other hand, if after fair and impartial consideration of the evidence or lack of evidence concerning a particular charge, you have a reasonable doubt as to the Defendant's guilt, you must find the Defendant not guilty of the charge.

Although the First Amendment protects the freedom of speech, its protections are not absolute and do not extend to certain categories of speech. The First Amendment permits the Government to protect a witness from retaliation where the Government proves beyond a reasonable doubt the speaker's intent to retaliate, and that the speech was an integral part of the retaliation. On the other hand, if you find that the speech was not integral to any alleged retaliation

15

or was not expressed with the required bad intent to retaliate, it remains First Amendment protected speech, which cannot be the basis of a crime.

## II.    INSTRUCTIONS RELATING TO THE ALLEGED CRIMES

I will now turn to the second part of my instructions and instruct you as to the legal elements of the criminal counts the Government has alleged.

### A.    VENUE

Venue refers to the location of the charged crimes.  As to each of the charged crimes, you must consider whether any act in furtherance of the crime occurred within the Eastern District of New York.  The Eastern District of New York encompasses Brooklyn, Queens, and Staten Island in New York City, and Nassau and Suffolk Counties on Long Island.  To establish that venue for a charged crime is appropriate in the Eastern District of New York, the Government must prove that some act in furtherance of the crime occurred in this District.

While the Government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need be proved only by the lesser standard of "preponderance of the evidence."  To prove something by a preponderance of the evidence means simply to prove that the fact is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more convincing. If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the Government.

I emphasize that this lesser standard applies only where I specifically mention it in these instructions.  If you find that the Government has failed to prove by a preponderance of the evidence that any act in furtherance of the count you are considering occurred within the Eastern District of New York, you must find the Defendant not guilty of that count.

16

## B.    DATES APPROXIMATE

The Indictment charges "in or about" and "on or about" and "between" certain dates.  The proof need not establish with certainty the exact date of an alleged offense.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

## C.    KNOWLEDGE AND INTENT

Because the Indictment charges eight separate counts, and because all of these charges require you to consider the concepts of knowledge and intent, and specific words that describe different types of knowledge and intent, I will tell you now about those concepts before I address each of the eight charges specifically.

### 1.    Knowingly

Certain allegations in the Indictment require that in order to sustain its burden of proof, the Government must prove that a defendant acted "knowingly."  A defendant acts knowingly if he or she acts purposefully and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether a defendant acted knowingly may be proven by his or her conduct and by all of the facts and circumstances surrounding the case.

### 2.    Intentionally

Certain allegations in the Indictment require that in order to sustain its burden of proof, the Government must prove that a defendant acted "intentionally."  Before you can find that a defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  That is, a defendant's acts must have been the product of his or her conscious, objective decision, rather than the product of mistake or accident.  A defendant need not have been aware of the specific law that his or her conduct may have violated.  These issues of knowledge and intent require you to make a determination about the defendant's state of

17

mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to a defendant's state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a particular circumstance. You are asked to do the same here.

### D.    INTENT AND MOTIVE

Intent and motive should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Proof of motive is not a necessary element of the crimes with which the Defendant is charged. Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is not guilty.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive be shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of a defendant.

It is not necessary for the prosecution to prove that the defendant knew that a particular act or failure to act is a violation of the law.

You have heard argument about the Defendant's bond with her son, Tyquan Hilliard. I instruct you that a mother's love in and of itself is not a legal defense to a crime, but you may consider it to the extent you find it relevant to her intent with respect to the charged offenses in this case.

### E.    CONSPIRACY

Four counts of the Indictment charge the Defendant with participating in different criminal conspiracies. Therefore, first, I will instruct you on the elements of conspiracy. Later I will give

18

you instructions on the various laws that the Indictment charges that the Defendant conspired to violate.

## 1. Conspiracy Generally

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose. It is sometimes referred to as a criminal partnership. The crime of conspiracy is an offense separate from the crime the alleged conspirators intended to commit. A conspiracy is in and of itself a crime. If a conspiracy exists, even if it fails to achieve its purpose, it is still punishable as a crime.

The following are the elements of the crime of conspiracy:

**First**:  two or more persons entered into the particular unlawful agreement charged in the conspiracy count that you are considering; and

**Second**:  the defendant knowingly and intentionally became a member of the conspiracy.

The first element requires that the Government prove that at least two conspirators had a meeting of the minds, and that they agreed to work together to accomplish the object of the charged conspiracy.

To establish a conspiracy, the Government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding. A conspiracy, by its very nature, is almost invariably secret in both origin and execution. Therefore, it is sufficient for the Government to show that the

19

conspirators somehow came to a mutual understanding, even if tacitly, to accomplish an unlawful act by means of a joint plan or common scheme.

Because conspiracy is usually characterized by secrecy, you may infer its existence from the circumstances and the conduct of the parties and others involved. You may consider the actions and statements of all of these persons in deciding whether a common design existed to act together for the accomplishment of an unlawful purpose. In short, you may consider all the evidence before you, and the reasonable inferences that may be drawn from all this evidence.

The second element requires that the Government prove that the defendant was a member of that conspiracy. That is, you must determine whether she knowingly and intentionally became a participant in the conspiracy. I have already instructed you as to the terms "knowingly" and "intentionally." In deciding whether a defendant was a participant in or member of a conspiracy, you must consider whether, based upon all of the evidence, the defendant knowingly and intentionally joined that conspiracy: that is, he or she participated in it with knowledge of its purpose and with the specific intention of furthering one or more of its objectives. Proof of a financial interest in the outcome of a scheme is not essential, although if you find that a defendant did have a financial interest in the outcome of a scheme, you may consider that as evidence of a defendant's motive to join the conspiracy.

A defendant's knowledge is a matter of inference from the facts proved. To become a member of a conspiracy, a defendant need not have known the identities of every member, nor need he or she have been apprised of all of their activities. A defendant need not have been fully informed of all the details, or the scope, of the conspiracy in order to justify an inference of knowledge on her part.

A defendant need not have joined in all of a conspiracy's unlawful objectives. A conspirator's guilt is not measured by the extent or duration of his or her participation. In other words, the law does not require a defendant to play an equal role in the conspiracy as another defendant or conspirator. Some conspirators may play major roles, while others may play minor ones. Each member may perform separate and distinct acts and may perform them at different times. Even a single act may be sufficient to draw a defendant within the circle of a conspiracy. A person who intentionally joins an existing conspiracy is charged with the same responsibility as if he or she had been one of the originators or instigators of the conspiracy.

Thus, if you find that the conspiracy existed, and if you further find that a defendant participated in it knowingly and intentionally, the extent or degree of his or her participation is not material. The Government also need not prove that the defendant actually committed the unlawful act or acts charged as the objective of the conspiracy. Instead, the Government must prove beyond a reasonable doubt only that the purpose of the conspiracy was to commit an act or acts that are unlawful.

I want to caution you, however, that a defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him or her a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know or be friendly with a criminal without being a criminal herself. Indeed, a person may be a criminal without being a member of the charged conspiracy. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

21

I further caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient. The fact that the acts of a defendant merely happen to further the purposes or objectives of the conspiracy, without his or her knowledge, does not make that defendant a member. More is required under the law. What is necessary is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends. Thus, while someone who is present during a conspiracy is not necessarily a member, I further instruct you that you may find that a defendant knowingly and willfully became and was a member of a conspiracy if you find that his or her presence was purposeful—that is, a defendant's presence on one or more occasions was intended to serve the purposes of the conspiracy.

## 2. Co-conspirator Statements and Acts

A conspiracy is often referred to as a partnership in crime. As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy, and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find beyond a reasonable doubt that the Defendant was a member of a conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy at the time those acts were committed or statements were made may be considered against the Defendant, so long as the acts

22

or statements were reasonably foreseeable to the Defendant. This is so even if such acts were done and statements were made in the Defendant's absence and without her knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the Defendant's guilt, you must first determine that the acts and statements were made during the existence of, and in furtherance of, the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the Defendant.

### 3. Multiple Conspiracies

In considering evidence of a conspiracy, whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes. You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both. The fact that the members of a conspiracy may change does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that a conspiracy charged in the Indictment did not exist, you cannot find a defendant guilty of that conspiracy. This is so even if you find that some conspiracy other than the ones charged in this Indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership. Similarly, if you find that a defendant was a member of another conspiracy and

23

not the one charged in the indictment, then you must acquit that defendant of the conspiracy charges.

Therefore, what you must do is determine whether the conspiracies charged in the Indictment that you are considering existed. If it did, you then must determine the nature of those conspiracies and who were the members.

## F.    THE CHARGES IN THE INDICTMENT

The Defendant is formally charged in an Indictment. As I instructed you at the outset of this case, an indictment is simply a charge or accusation. You will not be provided a copy of the Indictment itself, because an indictment is merely a statement of charges and not itself evidence.

The relevant indictment in this case contains eight separate counts. Count One charges the Defendant with conspiracy to retaliate against witnesses. Count Two charges the Defendant with witness retaliation. Count Three charges the Defendant with conspiracy to tamper with witnesses. Count Four charges the Defendant with tampering with witnesses. Count Five charges the Defendant with conspiracy to obstruct justice. Count Six charges the Defendant with obstruction of justice. Count Seven charges the Defendant with conspiracy to harass witnesses. Count Eight charges the Defendant with harassment of witnesses.

You must consider each count of the Indictment and the Defendant's involvement in that count separately, and you will be called upon to render a separate verdict on each count for the Defendant.

\*    \*    \*

I will now describe the elements of the specific counts charged in the Indictment. Before doing so, let me make one clarification. The Indictment made reference to John Doe and Jane Doe, whom you learned over the course of the trial are Khalif Watson and Sasha Robinson, respectively.

24

## G.   COUNT ONE: CONSPIRACY TO RETALIATE AGAINST WITNESSES

Count One of the Indictment charges the Defendant with conspiring with others to retaliate

against John Doe and Jane Doe in or about and between July 2018 and August 2018. Specifically,

Count One reads as follows:

> In or about and between July 2018 and August 2018, both dates being approximate
> and inclusive, within the Eastern District of New York and elsewhere, the defendant
> TAWANNA HILLIARD, together with others, did knowingly and intentionally
> conspire to take actions harmful to one or more persons, to wit: John Doe and Jane
> Doe, individuals whose identities are known to the Grand Jury, with the intent to
> retaliate against John Doe and Jane Doe for providing to one or more law
> enforcement officers truthful information relating to the commission and possible
> commission of one or more Federal offenses, to wit: Hobbs Act robbery and Hobbs
> Act robbery conspiracy, in violation of Title 18, United States Code, Section
> 1951(a), and racketeering and racketeering conspiracy, in violation of Title 18,
> United States Code, Sections 1962(c) and 1962(d) (the "Federal Offenses"),
> contrary to Title 18, United States Code, Section 1513(e).

I note that although the Indictment alleges that the Defendant conspired to retaliate against

John Doe and Jane Doe, I instruct you that the word "and" really means "or" in this context. That

is, the Government need only prove that the Defendant agreed to retaliate against either John Doe

or Jane Doe. That is also true for Counts Two, Three, Four, Seven and Eight.

I have previously instructed you on the law relating to conspiracy. (*See* pages 18-24.)

You must apply the same law and elements here.

I will now define "Witness Retaliation," which is alleged to be the object of the charged

conspiracy in Count One, as well as the substantive offense charged in Count Two.

The relevant statute is Section 1513(e) of Title 18, United States Code, which provides

that:

> Whoever knowingly, with the intent to retaliate, takes any action harmful to any
> person, including interference with the lawful employment or livelihood of any
> person, for providing to a law enforcement officer any truthful information relating

25

to the commission or possible commission of any Federal offense, shall [be guilty
of a crime].

In order to prove a defendant guilty of Witness Retaliation, the Government must prove
each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly took an action with intent to retaliate;

Second, the defendant's action was harmful to a person; and

Third, the retaliation was in response to the victim's assistance to law enforcement.

First Element: Knowingly Took Action with Intent to Retaliate

The first element the Government must prove beyond a reasonable doubt is that the
Defendant knowingly took an action with intent to retaliate.

As I previously explained, a person acts knowingly and intentionally if she acts voluntarily,
deliberately, and purposefully, and not because of ignorance, mistake, accident, or carelessness.
Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the
facts and circumstances surrounding the case.

The word "retaliate" means to act in reprisal or as punishment for some past act.

Direct proof of a defendant's intent is almost never available. It would be a rare case where
it could be shown that a person wrote or stated that, as of a given time, she committed an act with
a particular intent. Such direct proof is not required; retaliatory intent can be inferred from
circumstantial evidence. You may, but are not required, to infer that a person intends the natural
and probable consequences of actions knowingly done or knowingly omitted. Timing can also be
circumstantial evidence of retaliatory intent.

In order to satisfy this element, it is not necessary for the Government to prove that the
Defendant knew that she was breaking any particular law. Nor is it necessary for the Government
to disprove that the Defendant might have had other reasons for her actions. The intent to retaliate

26

need not have been the only reason, so long as it was a substantial motivating factor, behind the Defendant's actions.

### Second Element: Harm to the Victim

The second element the Government must prove beyond a reasonable doubt is that the Defendant took any action harmful to John Doe and/or Jane Doe.

### Third Element: Victim's Assistance to Law Enforcement

The third element the Government must prove beyond a reasonable doubt is that the Defendant's action was in retaliation for that person—John Doe and/or Jane Doe—providing to a law enforcement officer truthful information related to the commission or possible commission of a federal offense.

A law enforcement officer is a Government officer or employee who is authorized to act on behalf of the Government in the prevention, detection, investigation, or prosecution of federal crimes.

In this regard, the Government must also prove that the Defendant knew that John Doe and/or Jane Doe was providing truthful information to a law enforcement officer relating to the commission or possible commission of a Federal offense.

The Indictment alleges that the Defendant conspired to retaliate against John Doe and Jane Doe for providing truthful information to a law enforcement officer relating to the commission or possible commission of the following Federal offenses: Hobbs Act robbery and Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951(a), and racketeering and racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962(c) and 1962(d). Hobbs Act robbery involves the unlawful taking or obtaining of personal property against a person's will by means of actual or threatened force, violence, or fear of injury to person or

27

property. Racketeering involves conducting or participating in the affairs of an enterprise, or criminal group, through a pattern of criminal activity. The Government need not prove that any of these crimes were actually committed, only that John Doe or Jane Doe provided truthful information to law enforcement relating to the commission or possible commission of at least one Federal offense.

## H.    AIDING AND ABETTING

Let me now instruct you on the law of aiding and abetting, which applies to Counts Two, Four, Six and Eight of the Indictment. The aiding and abetting statute is Title 18 of the United States Code, Section 2, which provides, in relevant part, that:

Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

It is not necessary to find that the Defendant personally committed the crimes charged in Counts Two, Four, Six and Eight, as long as the Government proves that she "aided and abetted" another person in doing so. This is so because, under the law, a person who aids or abets another to commit an offense is just as guilty of that offense as if she committed it herself.

Therefore, you may find the Defendant guilty of the offense charged if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which a defendant is charged, and that the Defendant aided or abetted that person in the commission of the offense.

In order to find the Defendant guilty of aiding and abetting a crime, you must first find that some person did actually commit the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first

28

place. But if you do find that a crime was committed, then you must consider whether the Defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant knowingly associate himself or herself in some way with the crime, and that he or she participate in the crime by doing some act to help make the crime succeed. To establish that the Defendant knowingly associated herself with the crime, the Government must establish that the Defendant knew and intended that the crimes charged in Count Two, Four, Six and/or Eight would be committed. To establish that the Defendant participated in the commission of each crime, the Government must prove that the Defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by a defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider or abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the Defendant aided and abetted the commission of the crimes charged in Counts Two, Four, Six and Eight, or caused the commission of those crimes, ask yourselves these questions:

First: Did she participate in the crime charged as something she wished to bring about?

Second: Did she associate herself with the criminal venture knowingly and willfully?

Third: Did she seek by her actions to make the criminal venture succeed?

29

If she did each of these, then the Defendant is an aider and abettor, and is therefore guilty of the offense. If, on the other hand, your answer to any of these questions is "no," then the Defendant is not an aider and abettor, and you must find her not guilty.

The Government also charges the crimes in Counts Two, Four, Six and Eight under an alternative aiding and abetting theory.

Title 18 of the United States Code, Section 2(b) states that, "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." Thus, under Section 2(b), you may find that the Defendant acted as an aider and abettor if you find that the Government has proven beyond a reasonable doubt that the Defendant knowingly and willfully caused another person to commit the crime charged in each of Counts Two, Four, Six and Eight.

What does the term "willfully caused" mean? It does not mean that a defendant himself or herself need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment. The meaning of the term "willfully caused" can be found in the answers to the following questions:

First: Did the Defendant take some action without which the crime would not have occurred?

Second: Did she intend that the crime would be actually committed by another?

If the answer to both of those questions is "yes," then the Defendant is an aider and abettor, and is therefore guilty of the offense. If, on the other hand, your answer to any of these questions is "no," then the Defendant is not an aider and abettor, and you must find her not guilty.

30

## I.    COUNT TWO: WITNESS RETALIATION

Count Two charges the Defendant with witness retaliation in or about and between July

2018 and August 2018. Count Two reads as follows:

> In or about and between July 2018 and August 2018, both dates being approximate
> and inclusive, within the Eastern District of New York and elsewhere, the defendant
> TAWANNA HILLIARD, together with others, did knowingly and intentionally
> take action harmful to one or more persons, to wit: John Doe and Jane Doe, with
> the intent to retaliate against John Doe and Jane Doe for providing to one or more
> law enforcement officers truthful information relating to the commission and
> possible commission of one or more Federal offenses, to wit: the Federal Offenses
> [alleged in Count One].

I previously instructed you on the essential elements of Witness Retaliation under Title

18, United States Code, Section 1513(e). (*See* pages 25-28.) You must apply the same law and

elements here.

Count Two charges the Defendant with violating Title 18, United States Code, Section

1513(e) by taking actions harmful to John Doe and Jane Doe. Here, the Government has alleged

that the Defendant took more than one action and harmed more than one victim. To find the

Defendant guilty, you need not find that the Defendant engaged in every alleged action, or took

action against both John Doe and Jane Doe. However, in order to convict the Defendant on this

count, all twelve of you must agree on the specific harmful action that the Defendant took with the

intent to retaliate. For example, if all twelve of you agree on a particular harmful action that the

Defendant took against John Doe (or Jane Doe), with the intent to retaliate against John Doe, you

may find the Defendant guilty of Count Two. Similarly, if all twelve of you agree that the

Defendant took a particular harmful action against Jane Doe (or John Doe) with the intent to

retaliate against Jane Doe, you may find the Defendant guilty of Count Two. You may also all

agree that the Defendant violated Title 18, United States Code, Section 1513(e) by taking one or

31

more specific harmful actions with the intent to retaliate against both John Doe and Jane Doe. If you all agree that she did not take at least one action with the intent to retaliate against either or both John Doe and/or Jane Doe, then you must find the Defendant not guilty.

The Government also charges the crimes in Count Two under an aiding and abetting theory. I previously instructed you on the law applicable to individuals charged as aiders and abettors, and I refer you back to those instructions at pages 28-30.

Thus, with respect to Count Two, if you find beyond a reasonable doubt that the Defendant aided and abetted the commission of the crime charged in Count Two, you may find the Defendant guilty of Count Two. Although you must be unanimous as to which particular act of witness retaliation the Defendant committed, or which act was committed by the people she aided and abetted, you do not have to be unanimous as to whether the Defendant personally committed the act or aided and abetted its commission.

## J.    COUNT THREE: CONSPIRACY TO TAMPER WITH WITNESSES

Count Three charges the Defendant with conspiring with others to tamper with witnesses in or about and between July 2018 and August 2018. Count Three reads as follows:

> In or about and between July 2018 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TAWANNA HILLIARD, together with others, did knowingly and intentionally conspire to intimidate and threaten one or more other persons, to wit: John Doe and Jane Doe, individuals whose identities are known to the Grand Jury, with intent (a) to influence, delay and prevent the testimony of John Doe and Jane Doe in an official proceeding, to wit: a grand jury investigation in the Eastern District of New York, contrary to Title 18, United States Code, Section 1512(b)(1); (b) to cause and induce John Doe and Jane Doe to withhold testimony from an official proceeding, to wit: a grand jury investigation in the Eastern District of New York, contrary to Title 18, United States Code, Section 1512(b)(2)(A); and (c) to hinder, delay and prevent the communication by John Doe and Jane Doe to one or more law enforcement officers of the United States of information relating to the commission and possible commission of one or more Federal offenses, to wit: the Federal

32

Offenses [alleged in Count One], contrary to Title 18, United States Code, Section 1512(b)(3).

I previously instructed you on the law relating to conspiracy. (*See* pages 18-24.) You must apply the same law and elements here.

Count Three charges the Defendant with conspiring to violate Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A) and 1512(b)(3). In other words, it is alleged that the Defendant conspired to commit three separate substantive crimes or object offenses. Therefore, there are three ways in which the Government may prove the Defendant's guilt of Count Three.

Before I instruct you on the elements of those object offenses, I must first instruct you that in order to convict the Defendant of Count Three, you must find beyond a reasonable doubt that the Defendant conspired, or agreed, that the Defendant or a coconspirator would commit at least one of the three object offenses, against either John Doe or Jane Doe, or both.

In order to convict the Defendant on this count, all twelve of you must agree on the specific object offense that the Defendant agreed to try to accomplish. For example, if all twelve of you agree that the Defendant conspired to violate Title 18, United States Code, Section 1512(b)(1), you may find the Defendant guilty of Count Three. Similarly, if all twelve of you agree that the Defendant conspired to violate Title 18, United States Code, Section 1512(b)(2)(A), you may find the Defendant guilty of Count Three. Or, if all twelve of you agree that the Defendant conspired to violate Title 18, United States Code, Section 1512(b)(3), you may find the Defendant guilty of Count Three. Finally, you may find the Defendant guilty of Count Three if you all agree that she agreed to try to accomplish all three of these object offenses. However, in order to find the Defendant guilty under Count Three, you all must agree on at least one object offense that the

33

Defendant conspired to commit.  If you agree that the Defendant did not conspire to commit any object of the conspiracy, then you must find the Defendant not guilty.

I will now define for you the essential elements of the three substantive witness tampering crimes that are alleged to be the object offenses of the conspiracy charged in Count Three.

Object Offense One: Witness Tampering in Violation of 18 U.S.C. § 1512(b)(1)

Title 18, United States Code, Section 1512(b)(1) states, in pertinent part, that "whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, with intent to influence, delay, or prevent the testimony of any person in an official proceeding [shall be guilty of a crime]."

In order to prove a defendant guilty of tampering with a witness pursuant to this section, the Government must prove each of the following elements beyond a reasonable doubt:

First, that in or about and between the dates charged, the Defendant knowingly used intimidation or threatened a person; and

Second, that the Defendant acted knowingly and with the intent to influence, delay, or prevent the testimony of any person in an official federal proceeding.

First Element: Use of Intimidation or Threats

The first element the Government must prove beyond a reasonable doubt is that the Defendant knowingly used intimidation or threatened a person, or attempted to do so.

Intimidation includes frightening a person, inspiring or affecting him or her by fear or deterring him or her by threats.  It does not matter whether or not the person alleged to be the object of the threat is actually frightened, or thinks he or she is in physical danger.  It is enough that the threat had a reasonable tendency to make the person fearful.

34

A threat is simply the expression of an intention to do a harm. A threat may be communicated by words as well as gestures. In order to find that the Defendant used threats, you need not find that she intended to carry out the threat. The real issue is whether the words allegedly used were in fact used by the Defendant and expressed an intention to do harm. A threat need not be communicated directly to the intended target in order to be a threat. The question is whether the threat has a reasonable tendency to intimidate.

### Second Element: Intent to Influence Testimony in an Official Proceeding

The second element that the Government must prove beyond a reasonable doubt is that the Defendant acted knowingly and with the intent to influence, or delay, or prevent the testimony of a person in an official federal proceeding.

To act with the intent to influence the testimony of a witness means to act for the purpose of getting that witness to change or color or shade his or her testimony in some way, delay their testimony or not testify at all. It is not necessary for the Government to prove that the witness's testimony was in fact changed or halted in any way.

An official proceeding means a proceeding before a court, judge or federal agency. The proceedings may be criminal or civil. You are instructed that a federal grand jury investigation is an official proceeding.

Here, the Government has alleged that the Defendant violated this statute by conspiring to intimidate and threaten John Doe and Jane doe with intent to influence, delay, and prevent their testimony in a federal investigation. However, the law does not require that the federal proceeding be pending at the time of the Defendant's actions, as long as the proceeding was foreseeable, such that the Defendant knew that her actions were likely to affect the proceeding. Similarly, the

35

Government does not have to prove that the Defendant knew that the proceeding was or would specifically be before a federal grand jury.

Object Offense Two: Witness Tampering in Violation of 18 U.S.C. § 1512(b)(2)(A)

Title 18, United States Code, Section 1512(b)(2)(A) states, in pertinent part, that "whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, with intent to cause or induce any person to withhold testimony … from an official proceeding [shall be guilty of a crime]."

In order to prove a defendant guilty of tampering with a witness pursuant to this section, the Government must prove each of the following elements beyond a reasonable doubt:

First, that in or about and between the dates charged, the Defendant knowingly used intimidation or threatened a person; and

Second, that the Defendant acted knowingly and with the intent to cause or induce the withholding of testimony of any person in an official federal proceeding.

First Element: Use of Intimidation or Threats

I previously defined what is meant by the use of intimidation or threats and I refer you back to those instructions. (*See* page 35.)

Second Element: Intent to Cause or Induce the Withholding of Testimony in a Proceeding

The second element that the Government must prove beyond a reasonable doubt is that the Defendant acted knowingly and with the intent to cause or induce a person to withhold testimony from an official proceeding.

To act with the intent to cause or induce a person to withhold testimony means to act for the purpose of getting that person not to provide some or all of that witness's testimony at an

36

official proceeding. It is not necessary for the Government to prove that the witness actually withheld testimony.

I previously defined what is meant by an official proceeding and I refer you back to those instructions. (*See* pages 35-36.)

Object Offense Three: Witness Tampering in Violation of 18 U.S.C. § 1512(b)(3)

Title 18, United States Code, Section 1512(b)(3) states, in pertinent part, that "whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, with intent to hinder, delay, or prevent the communication to a law enforcement officer ... of the United States of information relating to the commission or possible commission of a federal offense [shall be guilty of a crime]."

In order to prove a defendant guilty of tampering with a witness pursuant to this section, the Government must prove each of the following elements beyond a reasonable doubt:

First, that in or about and between the dates charged, the Defendant knowingly used intimidation or threatened a person; and

Second, that the Defendant acted knowingly and with the intent to hinder, delay, or prevent the communication, to a law enforcement officer of the United States, of information relating to the commission or possible commission of a federal offense.

First Element: Use of Intimidation or Threats

I previously defined what is meant by the use of intimidation or threats and I refer you back to those instructions. (*See* page 35.)

Second Element: Intent to Hinder Communication to Law Enforcement

The second element that the Government must prove beyond a reasonable doubt is that the Defendant acted knowingly and with the intent to hinder, delay, or prevent the communication to

37

a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense.

If you find the Defendant acted with the intent to hinder or prevent communication by a person or persons to a specific law enforcement officer or group of officers, this element is satisfied if that officer or one of the group of officers was a federal law enforcement officer. A federal law enforcement officer is an officer or employee of the federal government who is authorized to act on behalf of the federal government in the prevention, detection, investigation, or prosecution of federal crimes. The Government is not required to prove that the Defendant knew that the officer was a federal law enforcement officer. You are instructed that Special Agents of the Federal Bureau of Investigation, also known as the "FBI," and Task Force Officers assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives, also known as the "ATF," are federal law enforcement officers.

I previously instructed you on the nature of the Federal offenses listed in the Indictment—Hobbs Act robbery and Hobbs Act robbery conspiracy, and racketeering and racketeering conspiracy—and I refer you back to those instructions. (*See* page 27-28.)

I remind you again, that as to Count Three, to find the Defendant guilty you do not need to find that the Government has proved that the Defendant conspired to commit all three object offenses. If you find that the Defendant conspired to commit one of these three object offenses, then you must find the Defendant guilty of Count Three. However, your finding as to which of the three object offenses the Defendant conspired to commit must be unanimous. You may also find the Defendant guilty of Count Three if you unanimously find that she conspired to commit more than one of the object offenses.

38

## K.    COUNT FOUR: TAMPERING WITH WITNESSES

Count Four charges the Defendant with tampering with witnesses in or about and between

July 2018 and August 2018.  Count Four reads as follows:

> In or about and between July 2018 and August 2018, both dates being approximate
> and inclusive, within the Eastern District of New York and elsewhere, the defendant
> TAWANNA HILLIARD, together with others, did knowingly and intentionally use
> intimidation and threaten one or more other persons, to wit: John Doe and Jane
> Doe, and attempt to do so, with intent (a) to influence, delay and prevent the
> testimony of John Doe and Jane Doe in an official proceeding, to wit: a grand jury
> investigation in the Eastern District of New York; (b) to cause and induce John Doe
> and Jane Doe to withhold testimony from an official proceeding, to wit: a grand
> jury investigation in the Eastern District of New York; and (c) to hinder, delay and
> prevent the communication by John Doe and Jane Doe to one or more law
> enforcement officers of the United States of information relating to the commission
> and possible commission of one or more Federal offenses, to wit: the Federal
> Offenses [alleged in Count One].

In Count Four, the Defendant is alleged to have violated the same three criminal statutes

as in Count Three: Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A), and

1512(b)(3).  I refer you to my previous instructions on the elements of each of those crimes.  (*See*

pages 34-36 (18 U.S.C. § 1512(b)(1)); 36-37 (18 U.S.C. § 1512(b)(2)(A)); 37-38 (18 U.S.C. §

1512(b)(3)).  You must apply the same law and elements here.

As was the case for Count Three, there are three ways in which the Government may prove

the Defendant guilty of Count Four.  I again instruct you that in order to convict the Defendant of

Count Four, you need not find that the Government has proved the essential elements of all of

these statutes—namely, Sections 1512(b)(1), 1512(b)(2)(A) and 1512(b)(3).  If you find that the

Government has proved beyond a reasonable doubt all of the elements of one of those three

statutes, then you must find the Defendant guilty of Count Four.  However, your finding as to

which of these three statutes the Defendant violated must be unanimous.  You may also find the

39

Defendant guilty of Count Four if you unanimously find that she violated more than one of these statutes.

As I previously instructed you with respect to Count Three, the Government may prove that the Defendant violated each of the three statutes in different ways: for example, by using intimidation or threatening John Doe, or by using intimidation or threatening Jane Doe, or both. In order to convict the Defendant, it is sufficient that you unanimously find, beyond a reasonable doubt, that the Defendant took one or more of these actions.

### Aiding and Abetting

The Government also charges the crimes in Count Four under an aiding and abetting theory. I previously instructed you on the law applicable to individuals charged as aiders and abettors, and I refer you back to those instructions at pages 28-30. Thus, with respect to Count Four, if you find beyond a reasonable doubt that the Defendant aided and abetted the commission of the crimes charged in Count Four, you must find the Defendant guilty of Count Four.

### Attempt

Count Four of the Indictment also charges the Defendant with attempting to tamper with witnesses. As a result, with respect to Count Four, the Government may also satisfy its burden of proof by demonstrating that the Defendant attempted to commit the charged crime.

To prove that the Defendant attempted to commit a crime, the Government must prove the following two elements beyond a reasonable doubt:

First, the Government must prove that the Defendant intended to commit the crime as charged in Count Four, the elements of which I have explained to you.

Second, the Government must prove that the Defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime. The mere intent to

40

commit a specific crime, by itself, does not constitute an attempt. In order for you to find the Defendant guilty of an attempt to commit the crime charged in Count Four, the Government must prove, beyond a reasonable doubt, that the Defendant intended to commit the crime charged, and that she took some substantial step toward the commission of the intended crime.

In determining whether the Defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and actually doing a criminal deed on the other. Mere preparation, which may consist of planning the offense, or the devising, obtaining, or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

## L.    COUNT FIVE: CONSPIRACY TO OBSTRUCT JUSTICE

Count Five charges the Defendant with conspiring with others to obstruct justice in or about and between July 2018 and August 2018. Count Five reads as follows:

> In or about and between July 2018 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TAWANNA HILLIARD, together with others, did knowingly and intentionally conspire to corruptly obstruct, influence and impede an official proceeding, to wit: a grand jury investigation in the Eastern District of New York, contrary to Title 18, United States Code, Section 1512(c)(2).

I previously instructed you on the law relating to conspiracy. (*See* pages 18-24.) You must apply the same law and elements here.

I will now define obstruction of justice, which is alleged to be the object of the charged conspiracy in Count Five, as well as the substantive offense charged in Count Six.

41

The relevant statute is Section 1512(c)(2) of Title 18, United States Code, which provides that: "whoever corruptly ... obstructs, influences, or impedes any official proceeding, or attempts to do so [shall be guilty of a crime]."

In order to prove a defendant guilty of obstructing an official proceeding, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the Defendant obstructed, influenced, or impeded an official proceeding; and

Second, the Defendant acted corruptly.

First Element: Obstructing an Official Proceeding

The first element the Government must prove beyond a reasonable doubt is that the Defendant obstructed, influenced or impeded an official proceeding.

I previously defined what is meant by an official proceeding and I refer you back to those instructions. (*See* pages 35-36.)

Second Element: Defendant Acted Corruptly

The second element the Government must prove beyond a reasonable doubt is that the Defendant acted corruptly.

To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly with the intent to obstruct, impede or influence the due administration of justice. The due administration of justice refers to the fair, impartial, uncorrupted, and unimpeded investigation, prosecution disposition, or trial of any matter, civil or criminal, in the courts of the United States. This includes federal grand jury proceedings.

## M.    COUNT SIX: OBSTRUCTION OF JUSTICE

Count Six charges the Defendant with obstructing justice in or about and between July 2018 and August 2018. Count Six reads as follows:

42

In or about and between July 2018 and August 2018, both dates being approximate
and inclusive, within the Eastern District of New York and elsewhere, the defendant
TAWANNA HILLIARD, together with others, did knowingly and intentionally
corruptly obstruct, influence and impede an official proceeding, to wit: a grand jury
investigation in the Eastern District of New York, and attempt to do so.

### Obstruction of Justice in Violation of 18 U.S.C. § 1512(c)(2)

I previously instructed you on the essential elements of obstruction of justice under Title

18, United States Code, Section 1512(c)(2). (*See* pages 41-42.) You must apply the same law

and elements here.

### Aiding and Abetting

The Government also charges the crime in Count Six under an aiding and abetting theory.

I have previously instructed you on the law applicable to individuals charged as aiders and abettors,

and I refer you back to those instructions at pages 28-30.

Thus, with respect to Count Six, if you find beyond a reasonable doubt that the Defendant

aided and abetted the commission of the crimes charged in Count Six, you must find the Defendant

guilty of Count Six.

### Attempt

Count Six of the Indictment also charges the Defendant with attempting to commit

obstruction of justice. As a result, with respect to Count Six, the Government may also satisfy its

burden of proof by demonstrating that the Defendant attempted to commit the charged crime.

I previously instructed you on the law applicable to crimes charged as attempts, and I refer

you back to those instructions at pages 40-41.

## N.    COUNT SEVEN: CONSPIRACY TO HARRASS WITNESSES

Count Seven charges the Defendant with conspiring to harass witnesses in or about and

between July 2018 and August 2018. Count Seven reads as follows:

43

In or about and between July 2018 and August 2018, both dates being approximate
and inclusive, within the Eastern District of New York and elsewhere, the defendant
TAWANNA HILLIARD, together with others, did knowingly and intentionally
conspire to harass one or more other persons, to wit: John Doe and Jane Doe, and
thereby hinder, delay, prevent and dissuade John Doe and Jane Doe from reporting
to one or more law enforcement officers of the United States the commission and
possible commission of one or more Federal offenses, to wit: the Federal Offenses
[alleged in Count One], contrary to Title 18, United States Code, Section
1512(d)(2).

I previously instructed you on the law relating to conspiracy. (*See* pages 18-24.) You

must apply the same law and elements here.

I will now define Harassment of Witnesses, which is the object of the charged conspiracy

in Count Seven, as well as the substantive offense charged in Count Eight.

The relevant statute is Section 1512(d)(2) of Title 18, United States Code, which provides

that:

Whoever intentionally harasses another person and thereby hinders, delays,
prevents, or dissuades any person from (2) reporting to a law enforcement officer
or judge of the United States the commission or possible commission of a Federal
offense . . . or attempts to do so, shall [be guilty of a crime].

In order to prove a defendant guilty of Harassing Witnesses, the Government must

prove each of the following elements beyond a reasonable doubt:

First, that the Defendant knowingly and intentionally harassed another person;

Second, the Defendant acted knowingly and with the intent to hinder, delay, prevent and

dissuade any person from reporting to one or more law enforcement officers of the United States

the commission or possible commission of one or more Federal offenses;

### First Element: Harassment

The first element the Government must prove beyond a reasonable doubt is that the

Defendant knowingly and intentionally harassed another person.

44

As I previously explained, a person acts knowingly and intentionally if she acts voluntarily, deliberately, and purposefully, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

"Harassment," as used in this statute, is the common, ordinary meaning of that word, defined as conduct designed and intended to badger, disturb, or pester for the unlawful purpose alleged in the Indictment. As before, I instruct you that although the Indictment alleges that the Defendant conspired to harass John Doe and Jane Doe, the word "and" really means "or" in this context. That is, the Government must prove that the Defendant agreed to harass either John Doe or Jane Doe.

### Second Element: Intent to Hinder Reporting to Law Enforcement

The second element the Government must prove beyond a reasonable doubt is that by engaging in the alleged harassment, or in aiding and abetting others in doing so, the Defendant acted knowingly and with the intent to hinder, delay, prevent or dissuade any person from reporting to one or more law enforcement officers of the United States the commission or possible commission of one or more Federal offenses.

I previously defined what is meant by a federal law enforcement officer and I refer you back to those instructions. (*See* page 38.) You are again instructed that Special Agents of the Federal Bureau of Investigation, also known as the "FBI," and Task Force Officers assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives, also known as the "ATF," are federal law enforcement officers.

45

I also instructed you on the nature of the Federal offenses listed in the Indictment—Hobbs Act robbery and Hobbs Act robbery conspiracy, and racketeering and racketeering conspiracy—and I refer you back to those instructions. (*See* page 27-28.)

As I previously explained, to act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly with the intent to obstruct, impede or influence the due administration of justice.

## O.    COUNT EIGHT: HARRASMENT OF WITNESSES

Count Eight charges the defendant with the harassment of witnesses in or about and between July 2018 and August 2018. Count Eight reads as follows:

In or about and between July 2018 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TAWANNA HILLIARD, together with others, did knowingly and intentionally conspire to harass one or more other persons, to wit: John Doe and Jane Doe, and thereby hinder, delay, prevent and dissuade John Doe and Jane Doe from reporting to one or more law enforcement officers of the United States the commission and possible commission of one or more Federal offenses, to wit: the Federal Offenses, and attempt to do so.

I previously instructed you on the essential elements of Harassment of Witnesses under Title 18, United States Code, Section 1512(d)(2). (*See* pages 44-46.) You must apply the same law and elements here. And I again instruct you that because "and" really means "or" in the Indictment, the Government need only prove that the Defendant harassed either John Doe or Jane Doe.

The Government also charges the crime in Count Eight under an aiding and abetting theory. I previously instructed you on the law applicable to individuals charged as aiders and abettors and I refer you back to those instructions at pages 28-30. Thus, with respect to Count Eight, if you find that beyond a reasonable doubt that the Defendant aided and abetted the

46

commission of the crimes charged in this count, you must find the Defendant guilty of Count Eight.

Attempt

The Government also charges Count Eight under an attempt theory. I previously instructed you on the law applicable to individuals charged for attempting to commit a crime and I refer you back to those instructions at pages 40-41. As a result, with respect to Count Eight, the Government may also satisfy its burden of proof by demonstrating that the Defendant attempted to commit the charged crime.

## III.    CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements that must be proved beyond a reasonable doubt. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations. Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you, and your verdict must be based solely on this evidence and law, not on anything else.

### A.    FOREPERSON

For your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson. However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so. The foreperson will be responsible for signing all communications to the court and for handing them

47

to the Deputy Marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

## B.    COMMUNICATION WITH THE COURT

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson. No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

## C.    YOUR RECOLLECTION GOVERNS / REQUESTS FOR TRIAL TESTIMONY

Your recollection governs. Nobody else's. If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may request that a witness's or witnesses' testimony, or portions thereof, be sent back to you in the jury room. Again, you may make such a request by a note to the Deputy Marshal. I suggest, however, that you be specific to avoid receiving testimony that you do not want or need. Describe as best and precisely as you can what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

The exhibits that were admitted as evidence during the trial will be sent back to you for your deliberations.

## D.    DELIBERATIONS AND UNANIMOUS VERDICT

Your duty is to reach a fair conclusion from the law as I have given it to you and the evidence that has been presented in this case. This duty is an important one. When you are in the

jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict. The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In no communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the Government's charges against the Defendant are no passing matter. The parties and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors—to well and truly try the issues of this case and render a true verdict.