# Exhibit 7

1579

```
 1    UNITED STATES DISTRICT COURT
      EASTERN DISTRICT OF NEW YORK
 2    ------------------------------x
      UNITED STATES OF AMERICA,           15-CR-268(BMC)
 3
                Plaintiff,                United States Courthouse
 4                                        Brooklyn, New York
                -against-                 September 27, 2017
 5                                        9:30 a.m.
      MUHANAD MAHMOUD AL FAREKH,
 6
                Defendant.
 7    ------------------------------x

 8              TRANSCRIPT OF CRIMINAL CAUSE FOR TRIAL
                BEFORE THE HONORABLE BRIAN M. COGAN
 9                 UNITED STATES DISTRICT JUDGE
                        BEFORE A JURY
10    APPEARANCES

11    For the Government:         BRIDGET M. ROHDE, ESQ.
                                  Acting United States Attorney
12                                Eastern District of New York
                                  271 Cadman Plaza East
13                                Brooklyn, New York 11201
                                  BY:  DOUGLAS M. PRAVDA
14                                     RICHARD M. TUCKER
                                       SARITHA KOMATIREDDY
15                                     ALICIA COOK
                                  Assistant United States Attorneys
16
      For the Defendant:          LAW OFFICE OF SEAN M. MAHER, PLLC
17                                The Woolworth Building
                                  233 Broadway, Suite 801
18                                New York, New York 10279
                                  BY:  SEAN MICHAEL MAHER, ESQ.
19
                                  RUHNKE & BARRETT
20                                47 Park Street
                                  Montclair, New Jersey 7042
21                                BY:  DAVID A. RUHNKE, ESQ.

22                                DIANE FERRONE
                                  1745 Broadway - 17th Floor
23                                New York, New York 10019
                                  BY:  DIANE FERRONE, ESQ.
24    Proceedings recorded by mechanical stenography.  Transcript
      produced by computer-aided transcription.
25
```

JURY CHARGE                                        1580

1    (In open court; Jury not present.)

2    THE COURTROOM DEPUTY:  All rise.

3    THE COURT:  Good morning.  Let's bring in the jury.

4    (Jury enters the courtroom.)

5    THE COURT:  All right.  Everybody be seated.

6    Good morning, ladies and gentlemen.

7    THE JURY:  Good morning.

8    THE COURT:  Ladies and gentlemen, now that the

9    evidence in the case has been presented, it's my job to

10   instruct you as to the law that governs this case.

11   You're going to be given a copy of these

12   instructions that I'm reading to you when you go in to

13   deliberate, so don't feel like you have to write everything

14   down.  They are fairly complex.  But for now you should just

15   listen.  If you want to take notes, though, you're free to do

16   that.

17   The instructions I'm going to give are you in three

18   parts:

19   First, I'm going to instruct you on the general

20   rules that define and govern the duties of a jury in a

21   criminal case.

22   Second, I'm going to instruct you as to the legal

23   elements of the crimes charged in the indictment; that is, the

24   specific elements that the Government has to prove beyond a

25   reasonable doubt to warrant a finding of guilt.

JURY CHARGE                                                        1581

1          And then third, I'm going to give you some important

2    principles that you'll use during your deliberations.

3          Now the first and the second part are very long.

4    The third part is very short.

5          You're about to enter your final duty, which is to

6    decide the fact issues in this case.  Please pay close

7    attention to me now.  As I told you before, it's been very

8    obvious to me, and to the lawyers in the case, and the

9    parties, that you have faithfully discharged your duty to

10   listen carefully and observe each witness who testified during

11   the trial.

12         I want to thank you for that, and I want to thank

13   the attorneys for their conscientious efforts on behalf of

14   their clients.  Please give me the same careful attention that

15   you gave at trial as I instruct you on the law.

16         It's your duty to accept these instructions and

17   apply them to the facts as you determine those facts.  Don't

18   single out any one instruction alone as stating the law.  You

19   have to consider my instructions as a whole when you go to

20   deliberate in the jury room.

21         On these legal matters, you have to take the law as

22   I give it to you, regardless of any opinion that you may have

23   as to what the law is, or what you think it should be.  It

24   would violate your sworn duty to base a verdict on any view of

25   the law, other than that which I'm about to give you.

JURY CHARGE                                              1582

1          If any attorney has stated a legal principle during

2     their arguments to you that's any different from what I tell

3     you during these instructions, you have to follow my

4     instructions, not what the attorney said.

5          Now as members of the jury, you are the sole and

6     exclusive judges of the facts.  You could be wearing black

7     robes just like this for the job that you're about to

8     undertake.

9          You determine the credibility of the witnesses and

10    resolve any conflicts that there may be in the testimony.  You

11    draw whatever reasonable inferences you decide to draw from

12    the facts as you have determined them, and you determine the

13    weight of the evidence.

14          In carrying out your duty, remember that you took an

15    oath to render judgment impartially and fairly, without

16    prejudice or sympathy, and without fear, solely based on the

17    evidence in the case and the applicable law.  I know that

18    you're going to do that and reach a just and true verdict.

19          Now, as I told you at the outset of the case, I have

20    no opinion on the verdict that you should render.  If I made

21    any kind of facial expression, or asked a question, or made a

22    particular ruling that you think indicated that I have some

23    view as to how you ought to resolve any issue that you have to

24    resolve, you should disregard it because I wasn't trying to do

25    that.

1           Similarly, you should not concern yourselves with,

2    or speculate about, the contents of any discussion that I

3    might have had with the lawyers, either while you were out of

4    the courtroom or over here at sidebar.

5           In reaching your verdict, remember that all parties

6    stand equal before a jury in the courts of the United States.

7    The fact that the Government is a party, and that the

8    prosecution is brought in the name of the United States,

9    doesn't entitle the Government or its witnesses to any greater

10   or lesser consideration than that accorded to the defendant.

11   The parties, the United States Government, and the defendant,

12   are all equal before this Court and they're entitled to equal

13   consideration.

14          Now your verdict has to be based solely on the

15   evidence, or lack of evidence, developed during the trial.

16   You cannot be swayed by sympathy for any of the parties, or

17   what the reaction of the parties, or the public to your

18   verdict might be.  It would be equally improper for you to

19   allow any feelings you might have about the nature of the

20   crimes charged against the defendant to influence you in any

21   way.

22          You should not consider any personal feelings you

23   may have about the race, religion, national origin, gender or

24   age of any of the parties, or anyone participating in the

25   trial.  Your verdict will be determined by the conclusion that

JURY CHARGE                                                    1584

1    you reach, no matter who it helps or hurts.

2              You also can't bear any prejudice against any

3    attorney, or that attorney's client, because the attorney

4    objected to the admissibility of evidence, or asked for a

5    sidebar outside of your hearing, or asked me to make a ruling

6    on a point of law.  If you formed reactions of any kind to the

7    lawyers in the case, whether favorable or unfavorable, whether

8    you approved or disapproved of their behavior's advocates,

9    those reactions should not enter into your deliberations.  The

10   personalities and conduct of counsel in the courtroom are not

11   in any way in issue.

12             Now, I also want to tell you that Mr. Al Farekh's

13   defense counsel were appointed and compensated by the Court.

14   The reason I'm telling you this is to avoid any speculation on

15   your part as to the source of funds for the defense.  The

16   source of payment for Mr. Al Farekh's lawyers should not

17   enter into your deliberations in any way.

18             In addition, you shouldn't concern yourself with the

19   possible punishment of the defendant if you decide to return a

20   verdict of guilty.  The duty of imposing a sentence, if

21   there's a finding of guilt, rests exclusively with me and you

22   must not let it influence your deliberations or the verdict

23   that you reached.

24             Now let me turn now to the burden of proof by which

25   you have to judge this case.  Although the defendant has been

1  charged in an indictment, the indictment is only an accusation

2  in a writing.  It's entitled to no weight in your

3  determination of the facts.

4         The defendant has pleaded not guilty to the

5  indictment, and as a result, the burden is on the Government

6  to prove guilt beyond a reasonable doubt.  That burden never

7  shifts to the defendant for the simple reason that the law

8  never imposes on a defendant in a criminal case, the burden or

9  duty of calling any witnesses, or producing any evidence, or

10  even cross-examining witnesses.

11         The law presumes the defendant is innocent of the

12  charges against him.  I therefore instruct you that you have

13  to presume the defendant to be innocent throughout your

14  deliberations until such time, if ever, that you, as a jury,

15  are satisfied that the Government has proven the defendant

16  guilty beyond a reasonable doubt.

17         Now, this presumption of innocence alone is

18  sufficient to acquit the defendant, unless you as jurors are

19  unanimously convinced beyond a reasonable doubt of his guilt

20  after a careful and impartial consideration of all the

21  evidence in the case.  This presumption of innocence was with

22  the defendant when the trial began, it remains with him even

23  now as I speak to you, and it will continue with the defendant

24  into your deliberations, unless and until you're convinced

25  that the Government has proven his guilt beyond a reasonable

1    doubt.  If the Government fails to sustain that burden, then

2    you have to find him not guilty.

3            Now, you have heard me say more than a few times

4    that the Government has to prove the defendant guilty beyond a

5    reasonable doubt.  And the question naturally is, Well, what

6    is a reasonable doubt?  The words almost define them

7    themselves.  It's a doubt based on reason and common sense.

8    It's a doubt that a reasonable person has after carefully

9    weighing all of the evidence.  It's a doubt that would cause a

10   reasonable person to hesitate to act in a matter of importance

11   in their own personal life.  A reasonable doubt can arise from

12   the evidence or from the lack of evidence.

13           Proof beyond a reasonable doubt, therefore, has to

14   be proof of such a convincing character that a reasonable

15   person would not hesitate to rely and act on it in the most

16   important of their own personal affairs.  A reasonable doubt

17   is not an impulse or a whim.  It's not a speculation or

18   suspicion.  It's not an excuse to avoid the performance of an

19   unpleasant duty, and it is not sympathy.

20           As I told you, in a criminal case, the burden is at

21   all times on the Government to prove guilt beyond a reasonable

22   doubt.  Now the law does not require that the Government prove

23   guilt beyond all possible doubt.  Proof beyond a reasonable

24   doubt is sufficient to convict.  But it is the Government's

25   burden to prove each of the elements of the crimes charged,

1    which I'm going to explain to you, beyond a reasonable doubt.

2              If after a fair and impartial consideration of all

3    the evidence, you have a reasonable doubt, then it's your duty

4    to acquit the defendant.  On the other hand, if after fair and

5    impartial consideration of all the evidence you're satisfied

6    of his guilt beyond a reasonable doubt, then you should vote

7    to convict.

8              Now let me talk to you about the evidence in this

9    case.

10             First of all, in determining the facts, it's your

11   own recollection of the evidence that controls.  The evidence

12   on which you have to decide the case came in in three forms:

13             First, the sworn testimony of witnesses, both on

14   direct and cross-examination.

15             Second, the exhibits that I received in evidence.

16   And again, you may consider only the exhibits that I said

17   "received" or I overruled an objection when the exhibit was

18   admitted into evidence.  There were some that were not.

19             And third, the stipulations between the parties.  As

20   I told you before, a stipulation is an agreement between the

21   parties that certain facts are true.  And you have to regard

22   such agreed-on facts as true.

23             Let me remind you of certain things that are not

24   evidence that have to be disregarded by you in deciding what

25   the facts are.

JURY CHARGE                                                    1588

1          Arguments, questions, objections, or statements by

2    the lawyers are not evidence.  Anything I may have said or

3    done is not evidence.  Anything you may have seen or heard

4    outside the courtroom, I know you all made efforts not to see

5    or hear anything outside the courtroom, but anything that you

6    did see or hear is not evidence.  In addition, when I

7    sustained an objection or ordered that an answer be stricken,

8    you have to disregard that answer in its entirety.

9          Now the Government presented some exhibits in the

10   form of charts or summaries.  Those charts were shown to you

11   to make other evidence more meaningful and to aid you in

12   considering the evidence.  They're no better than the

13   testimony or the documents on which they are based.  And they

14   are not themselves independent evidence.  Therefore, you're to

15   give no greater consideration to these charts or summaries,

16   than you would to the evidence on which they are based.

17         It's for you to decide whether any charts or

18   summaries correctly presented the information contained in the

19   testimony, and in the exhibits on which they're based.  You're

20   entitled to consider the charts or summaries if you find they

21   are of assistance to you in analyzing and understanding the

22   evidence.

23         Remember, that if you decided to take notes during

24   the trial, the notes should only be used by you as memory

25   aids.  You should not give your notes greater weight than your

1  independent recollection of the evidence.  If you look at your

2  notes and you go, that's not what I remember him having said,

3  it's what you remember, it's not what's in your notes.

4         Now there are two types of evidence that you may

5  properly use in deciding whether the defendant is guilty or

6  not guilty.  One type of evidence is called direct evidence.

7  Direct evidence is where a witness testifies to what is known

8  to that witness by virtue of the witness' senses; what the

9  witness saw, heard, or observed.

10        The other type of evidence, circumstantial evidence,

11 is evidence that tends to prove a fact by proof of other

12 facts.  Now there's a simple example of this distinction

13 between direct and circumstantial evidence that we always use.

14        Let's assume when you came in this morning you saw

15 it was raining outside.  Well you have direct evidence that it

16 was raining.  You saw the water coming down with your own

17 eyes.  That's direct evidence.  On the other hand, we're

18 sitting in here with no windows.  You don't know what's going

19 on outside.  But if someone walks in here carrying a dripping

20 wet umbrella and wearing a dripping wet raincoat, you could

21 conclude that it's raining outside.  By the same token, if

22 people are coming in with no raincoats and no umbrellas and

23 everything is dry, you could conclude that it's not raining

24 outside.

25        That's really all there is to it.  It's entirely

1   permissible for you to conclude that a fact or set of

2   circumstances exists, based on an absence of evidence.  You

3   infer on the basis of reason, experience and common sense from

4   an established fact, the wet raincoat and umbrella, or the

5   lack of an established fact, the lack of a wet raincoat or

6   umbrella, the existence or nonexistence of some other fact;

7   that is, whether it's raining outside or not.

8           The law doesn't make any distinction between direct

9   and circumstantial evidence.  Rather, it simply requires that

10  before convicting the defendant, you must be satisfied of the

11  defendant's guilt beyond a reasonable doubt based on all of

12  the evidence in the case.

13          Now during the course of trial, you heard videotaped

14  foreign and English language recordings and you saw documents

15  that contained foreign writings.  At times you heard from the

16  recordings themselves, which had been translated for you, and

17  you also heard from other witnesses that recounted some

18  portion of the documents that were presented in foreign

19  languages.  For that reason, we had to get translations of

20  those documents into English.

21          The translations of those portions of the documents

22  and recordings embody the testimony of interpreters.  As such,

23  those portions of the material reflecting the foreign language

24  to English translation have been admitted into evidence.  You

25  have to evaluate translators and interpreters as you do any

1   other witness, and you may accept or reject the testimony of

2   any interpreter or translator.  You may also accept or reject

3   the accuracy of the transcript or the translation itself.  If

4   there's any discrepancy between a video that you saw in

5   evidence and any transcript or translation that you saw in

6   written form, you should rely on what you heard as the best

7   evidence of the original speech.

8           Now, one more item on videotapes.  You saw the

9   videotaped testimony of a witness that was taken by deposition

10  in another country.  As I think I mentioned to you at the

11  time, but I'll emphasize it here, that testimony has to be

12  evaluated by you in exactly the same way as if the witness had

13  appeared in this courtroom and testified in person from the

14  witness stand.  You can't treat that testimony any differently

15  solely because of the form in which it was presented to you.

16          Now, several times already you've heard me use the

17  term "inference," and in the lawyer's arguments they asked you

18  to infer on the basis of your reason, experience and common

19  sense, from one or more established facts, the existence or

20  nonexistence, of some other fact.  It's for you and you alone

21  to decide what inferences you want to draw.

22          An inference is not a suspicion or a guess.  It's a

23  reasoned, logical decision to conclude that a fact exists on

24  the basis of another fact that you know exists.  It's a

25  deduction or conclusion that you are permitted, but not

JURY CHARGE                                              1592

1    required, to draw from the facts that have been proven by

2    direct or circumstantial evidence.  You are not to engage in

3    speculation based on matters that are not in evidence.

4         Now, although the Government bears the burden of

5    proof beyond a reasonable doubt, and although a reasonable

6    doubt can arise from lack of evidence, there is no

7    requirements, no legal requirement, for the Government to use

8    any specific investigative technique to prove its case.  Law

9    enforcement techniques are not your concern.  Your concern is

10   to determine whether or not, based on all the evidence in the

11   case, the Government has proven that the defendant is guilty

12   beyond a reasonable doubt as to each charge made against him.

13        In addition, the evidence before you was properly

14   admitted and you should not concern yourself with the

15   methodology used to obtain that evidence.  Everything I let

16   into evidence was properly let into evidence and you need not

17   worry about that.

18        You may not draw any inference, favorable or

19   unfavorable, towards either the Government or the defendant on

20   trial from the fact that other persons were not charged as

21   defendants in the indictment.  You should draw no inference

22   from the fact that any other person is not present at this

23   trial.  And you should not speculate as to the reasons why

24   these individuals are not on trial before you.  Your concern

25   is solely the defendant who is on trial before you.

1       Now, I'm going to give you a copy of these

2  instructions.  The instructions quote from the indictment at

3  various places.  And when you read those quotes, you'll see

4  that there's references to things happening on or about, or

5  between certain dates.  The proof does not need to establish

6  with certainty the exact date of the alleged offense.  And the

7  Government doesn't have to prove that the defendant committed

8  the acts that are charged throughout the entire period.

9  Rather, the conduct during any part of the charged time frame

10 is sufficient.

11      Now let me talk to you about witness credibility.

12 You had the opportunity to observe all the witnesses.  It's

13 now your job to decide how believable each witness was in

14 their testimony.  As jurors, you are the sole judges of the

15 credibility of each witness and the importance of their

16 testimony.

17      As I'm sure it's clear to you by now, you're being

18 called upon to resolve factual discrepancies.  You're going to

19 have to decide where the truth lies, and an important part of

20 that decision will involve making judgments about the

21 testimony of witnesses that you listened to and saw.  In

22 making those judgments, you should carefully scrutinize all

23 the testimony of each witness, the circumstances under which

24 each witness testified, and any other matter in evidence that

25 may help you decide the truth and the importance of each

1    witness' testimony.

2              Your decision whether or not to believe a witness

3    may depend on how the witness impressed you.  Was the witness

4    candid and frank?  Or did it seem as if the witness was hiding

5    something, being evasive or suspect in some way?  How did the

6    way the witness testify on direct examination compare with the

7    responses of the witness on cross-examination?  Was the

8    witness' testimony consistent or inconsistent?  Did it appear

9    that the witness knew what the witness was talking about?  Did

10   the witness strike you as someone who was trying to report

11   that witness' knowledge accurately?

12             How much you choose to believe a witness may also be

13   influenced by the witness' bias.

14             Does the witness have a relationship with the

15   Government or the defendant that may affect how the witness

16   testified?  Does the witness have some incentive, loyalty or

17   motive that might cause the witness to shade the truth?  Or

18   does the witness have some bias, prejudice or hostility that

19   may have caused the witness, consciously or not, to give you

20   something other than a completely accurate account of the

21   facts?

22             Evidence that a witness may be bias towards one of

23   the parties requires you to view that witness' testimony with

24   caution, to weigh it with great care, and subject it to close

25   scrutiny.

1           How much you believe a witness may also be

2    influenced by any interest that the witness may have in the

3    outcome of the case.  If a witness may benefit in some way

4    from the outcome of the case, that interest may create a

5    motive to testify falsely to advance that witness' own

6    interest, whether those interests are personal or

7    professional.

8           This is not to suggest that every witness who has an

9    interest in the outcome of the case is going to testify

10   falsely.  It's for you to decide to what extent, if at all,

11   the witness' interest has affected or colored that witness'

12   testimony.

13          Even if you think a particular witness was not

14   biased, you should consider whether the witness had an

15   opportunity to observe the facts that the witness testified

16   about, as well as the witness' ability to communicate

17   effectively.  Ask yourselves whether a witness' recollection

18   of the facts stands up in light of all the other evidence.

19          In other words, what you have to try to do in

20   deciding credibility, is to size a person up in light of that

21   person's demeanor, the explanations given, and all the other

22   evidence in the case, just as you would in any important

23   matter where you're trying to decide if a person is truthful,

24   straighted forward, and has an accurate recollection.  You

25   need to be guided by your common sense, your good judgment,

1    and your experience.

2           Now, you may have heard evidence that a witness made

3    a statement on an earlier occasion that the attorney argues is

4    inconsistent with the testimony of the witness that you heard

5    at trial.  If you find that a witness made an earlier

6    statement that conflicts with or contradicts another statement

7    the witness made, you may consider that fact in deciding how

8    much of the trial testimony, if any, to believe.  In making

9    that determination, you may consider whether the witness

10   purposefully made a false statement, or whether it was an

11   innocent mistake; whether the inconsistency concerns an

12   important fact, or whether it had to do with a small detail;

13   whether the witness had an explanation for any inconsistency;

14   and whether that explanation appeals to your common sense.

15          Now, the fact that the Government called more

16   witnesses and introduced more evidence does not mean that you

17   should find the facts in favor of the side calling more

18   witnesses.  It's not a numbers game.

19          By the same token, you don't have to accept the

20   testimony of any witness, even if that witness was not

21   contradicted or impeached, if you find that the witness wasn't

22   credible.  You do have to decide which witnesses to believe

23   and which facts are true.  To do this, you have to look at all

24   of the evidence, drawing on your own common sense and personal

25   experience.

JURY CHARGE                                                    1597

1        Now the law doesn't require the Government to

2   produce all available evidence, or call as witnesses all

3   persons involved in the case who may have been present at any

4   relevant time or place, or who may appear to have some

5   knowledge of a matter at issue in the trial.  Nor does the law

6   require any party to produce as exhibits all papers and

7   objects mentioned during the course of the trial.  You're

8   always entitled, however, to consider any lack of evidence in

9   determining whether the Government has met its burden of proof

10  beyond a reasonable doubt.

11       If you were to find that any witness has willfully

12  testified falsely as to any material fact; that is, as to an

13  important matter, then the law permits you to disregard the

14  entire testimony of that witness based on the principle that

15  somebody who testifies falsely about one material fact is

16  likely to testify falsely about everything.  However, you are

17  not required to consider such a witness as totally

18  unbelievable.  You can accept as so much of the witness'

19  testimony as you deem true and disregard what you feel is

20  false.

21       By the processes that I've just described to you,

22  you as the sole judges of the facts, are going to decide which

23  witnesses to believe, what portion of their testimony you will

24  accept, and what weight you're going to give to it.

25       Now you also heard testimony from current law

JURY CHARGE                                          1598

1    enforcement and military witnesses.  The testimony of these

2    witnesses should be evaluated in the same manner as the

3    testimony of any other witness.  The fact that the witness is

4    or was a law enforcement agent or member of the armed forces,

5    doesn't mean that the witness' testimony is entitled to any

6    greater weight; but by the same token, a law enforcement or

7    military witness' testimony is not entitled to less

8    consideration just because the witness is or was a Government

9    employee.

10             You should consider the testimony of Government

11   employees just as you would consider any other evidence in the

12   case and evaluate credibility just like you would that of any

13   other witness.  After reviewing all the evidence, you'll

14   decide whether to accept the testimony of Government employee

15   witnesses and what weight, if any, that testimony deserves.

16             Now there was some testimony at the trial that the

17   attorneys for the Government interviewed witnesses when

18   preparing for trial.  You should not draw any inference,

19   favorable or unfavorable, from that testimony.  You need to

20   understand that attorneys are entitled to and regularly do

21   prepare their case as thoroughly as possible.  And in the

22   discharge of that responsibility, that properly includes

23   interviewing witnesses before trial and is necessary

24   throughout the course of the trial.

25             You also heard a witness who testified that he was

JURY CHARGE                                                    1599

1   involved in planning and carrying out certain crimes.  That

2   witness testified pursuant to a cooperation agreement which

3   provides that in exchange for agreeing to cooperate and

4   testify, the witness' cooperation would be brought to the

5   attention of the sentencing judge.

6           Now, Section 5K1.1 of the United States Sentencing

7   Guidelines sets forth a framework for judges to use to

8   determine the sentences of cooperating witnesses.

9   Section 5K1.1 provides that the Government can make a motion,

10  which can be in the form of a letter, stating that a defendant

11  has provided substantial assistance in the investigation or

12  prosecution of another person.  That witness' sentencing judge

13  may then consider the motion in deciding what sentence to

14  impose.  The judge may, but isn't required to, impose a

15  sentence below the minimum sentence that would otherwise be

16  required by law.

17          Two factors to keep in mind in this regard are,

18  first, that only the Government can make such motions, and the

19  Government can't be forced to do so, provided it has acted in

20  good faith; and second, the sentencing judge has complete

21  discretion as to whether or not to grant the motion to take

22  the cooperation into account in determining the sentence.

23  Thus, regardless of whether or not a 5K1.1 motion is made, the

24  final determination as to the cooperating witness' sentence

25  rests with the court and not with the Government.

JURY CHARGE                                                    1600

1          The testimony of cooperating witnesses is of such a

2     nature that it should be scrutinized by you with great care

3     and viewed with particular caution when you decide how much

4     weight that testimony should be given and whether or not you

5     want to believe all or part of it.  I gave you some

6     considerations generally on credibility.  I'm not going to

7     repeat them here.  Just let me say a few things you may want

8     to consider during your deliberations on the subject of

9     cooperating witnesses.

10          Ask yourselves whether this witness would benefit

11     more by lying or by telling the truth.  Was the cooperating

12     witness' testimony made up in any way because he believed or

13     hoped that he would receive favorable treatment by testifying

14     falsely?  Or did he believe that his interests would be best

15     served by testifying truthfully?

16          If you believe that a cooperating witness was

17     motivated by hopes of personal gain, was that motivation one

18     that would cause him to lie?  Or was it one that would cause

19     him to tell the truth?  Did this motivation color his

20     testimony?

21          In sum, you need to look at all of the evidence in

22     deciding what credence and what weight, if any, you want to

23     give the testimony of the cooperating witness.

24          Now you also heard testimony about an out-of-court

25     photographic identification.  Identification testimony is an

1    expression of belief or impression by the witness who makes

2    the identification.  You should consider whether, or to what

3    extent, the witness had the ability and the opportunity to

4    observe the person at the time of the events, and to make a

5    reliable out-of-court photographic identification later.

6           You should also consider the circumstances under

7    which the witness later made that out-of-court photographic

8    identification.  Remember, the Government always has the

9    burden of proving beyond a reasonable doubt that the defendant

10   was the person who committed the crime charged.

11          Now, as you know, the defendant did not testify in

12   this case.  Under our Constitution, he has no obligation to

13   testify or to present any other evidence, that's because it's

14   the Government's burden to prove his guilt beyond a reasonable

15   doubt.  You may not attach any significance to the fact that

16   the defendant did not testify.  Nor may you draw any adverse

17   inference against the defendant because he did not take the

18   witness stand.  In other words, in your deliberations in the

19   jury room, you may not consider this decision against the

20   defendant in any way.

21          Now, you also heard witnesses testify as experts

22   about matters that are at issue in this case.  A witness may

23   be permitted to testify to an opinion.  Witnesses usually

24   can't testify as to opinions.  But an expert may be able to,

25   if he has special skill, experience, knowledge, or training.

JURY CHARGE                                        1602

1  That testimony is presented to you on the theory that someone

2  who is experienced and knowledgeable in a particular field can

3  assist you in understanding the evidence or in reaching an

4  independenter decision on the facts.

5          In weighing that kind of opinion testimony, you may

6  consider the witness' qualifications, the witness' opinions,

7  the reasons for testifying, as well as all the other

8  considerations that ordinarily apply when you're deciding

9  whether or not to believe a witness' testimony and what

10  weight, if any, you find the testimony deserves.  You should

11  not accept opinion testimony merely because I allowed the

12  witness to testify concerning his opinion.  Nor should you

13  substitute it for your own reason, judgment and common sense.

14  The determination of the facts in this case rests solely with

15  you.

16          Now, as you heard throughout the trial, the acts

17  alleged to have taken place occurred outside the United

18  States.  Nevertheless, American law provides that the

19  defendant may be prosecuted here in the Eastern District of

20  New York if you find, by preponderance of the evidence, that

21  the defendant was first brought into the United States in

22  connection with these charges within the Eastern District of

23  New York.  It does not matter if the defendant was brought to

24  the United States involuntarily or in the custody of law

25  enforcement officers.  All that matters is was he brought into

JURY CHARGE                                                    1603

1  this district.

2           To prove something by a preponderance of the

3  evidence means to prove that it's more likely true than not

4  true.  It's determined by considering all the evidence in

5  deciding which evidence is more convincing.  If the evidence

6  on this question of venue appears to be equally balanced, or

7  you can't say on which side it weighs heavier, then you must

8  resolve this question against the Government.

9           Proof by a preponderance of the evidence is a lower

10 standard than proof beyond a reasonable doubt.  This is the

11 only time in the case; that is, in determining whether a

12 defendant was brought into the United States in connection

13 with these charges to this district that you can use the

14 preponderance of the evidence standard to find that a legal

15 element has been established.  Everything else has to be found

16 beyond a reasonable doubt.

17          All right.  That completes the first section, ladies

18 and gentlemen.  I'm going to show you these instructions on

19 the overhead screen just to help you follow along, they're a

20 bit complex, please listen to me nevertheless and remember you

21 will have a set of these instructions in the jury room.

22          The defendant is formally charged in the indictment.

23 The indictment and each count refers to the defendant by his

24 complete name, Muhanad Mahmoud Al Farekh, and alleged

25 aliases: Abdullah al-Shami and Abdallah al-Shami.

JURY CHARGE                                                    1604

1          As I instructed you, the indictment is a charge or

2    accusation.  It is not evidence.  The indictment in this case

3    contains nine counts or charges on which are you being called

4    to render a verdict.  Whether you find the defendant guilty or

5    not guilty as to one count, however, should not affect your

6    verdict as to any other counts.  You have to consider each

7    count separately and return a separate verdict of guilty or

8    not guilty on each count.

9          Now I'm going to go over with you now the specific

10   elements of each crime, each of which the Government has to

11   prove beyond a reasonable doubt to warrant a finding of guilt

12   here.

13         Every one of the charges implicates the concepts of

14   knowledge and intent.  As a general rule, the law holds

15   individuals accountable only for conduct in which they

16   intentionally engage.

17         A person acts knowingly if he acts intentionally and

18   voluntarily, and not because of ignorance, mistake, accident,

19   or carelessness.  Whether a defendant acted knowingly may be

20   proven by his or her conduct and by all the facts and

21   circumstances surrounding the case.

22         A person acts intentionally when he acts

23   deliberately and purposefully.  That is, the defendant's acts

24   must have been the product of his conscious objective rather

25   than the product of a mistake or accident.  It is sufficient

JURY CHARGE                                                      1605

1   that a defendant intentionally engages in conduct in which the

2   law forbids.  The Government isn't required to prove that a

3   defendant is aware of the law that actually forbids his

4   conduct.

5          Now let me tell about the law of conspiracy.  That

6   covers Counts Two, Three, Four, Five, Six and Eight of the

7   indictment.

8          A conspiracy is kind of a criminal partnership; a

9   combination or agreement of two or more people to join

10  together to accomplish some unlawful purpose.  The crime of

11  conspiracy to violate a federal law is an independent offense.

12  It's separate and distinct from the actual violation of any

13  specific federal laws.  Conduct that violates specific laws

14  and that is the object of the conspiracy, we refer to that as

15  the "substantive crime" or the "substantive offense."  You may

16  find the defendant guilty of the crime of conspiracy to commit

17  an offense against the United States even if you find the

18  defendant not guilty of the substantive offense itself.

19         Before you may convict the defendant of conspiracy,

20  the following two essential elements have to be established

21  beyond a reasonable doubt:

22         First, that the conspiracy existed; and

23         Second, that the defendant knowingly and

24  intentionally became a member of that conspiracy.

25         Let me go over each of those elements.

1    First as to whether a conspiracy existed.  A

2  conspiracy, as I just said, is an agreement between two or

3  more persons to accomplish some unlawful purpose.  The gist or

4  essence of the conspiracy is the unlawful agreement to violate

5  the law, whether or not the participants were successful in

6  carrying out the objection of the conspiracy, it's the

7  agreement itself.

8    A conspiracy is sometimes referred to as a

9  "partnership in criminal purposes," where each member of the

10  conspiracy becomes the agent of every other member of the

11  conspiracy.  To establish the existence of a conspiracy, the

12  Government isn't required to prove that two or more persons

13  entered into a solemn contract, orally or in writing, stating

14  that they have formed a conspiracy to violate the law.  The

15  Government need only show that two or more persons explicitly

16  or implicitly came to an understanding to achieve the

17  specified unlawful object.

18    Of course, you could find that the existence of an

19  agreement between two or more persons to commit a crime has

20  been established by direct proof.  But since a conspiracy is,

21  by its very nature, characterized by secrecy, direct proof is

22  often not available.  Therefore, you may infer the existence

23  of a conspiracy from the circumstances of the case and the

24  conduct of the parties involved.  In the context of conspiracy

25  cases, actions can speak louder than words.

1          In determining whether or not the Government has

2     proven the existence of a conspiracy beyond a reasonable

3     doubt, you may consider the actions and statements of all of

4     those whom you find to be participants.  We refer to those

5     people as the coconspirators.  Ask yourselves whether the

6     coconspirators were acting together to accomplish an unlawful

7     purpose.  If they were, the first element is satisfied.  If,

8     however, the coconspirators were acting together for some

9     purpose unrelated to the substantive crime, the object of the

10    conspiracy, then the Government would not have satisfied that

11    first element.

12         Again, it's not necessary for the Government to

13    prove that the ultimate objectives of a conspiracy were, in

14    fact, successfully accomplished, it's enough that the

15    Government has proved that to two or more persons, one of whom

16    is the defendant, in any way expressly or impliedly came to a

17    common understanding to violate the law.

18         If when you consider all the evidence, direct and

19    circumstantial, you're satisfied beyond a reasonable doubt

20    that the minds of at least two alleged coconspirators met and

21    they agreed to work together to accomplish the object of the

22    conspiracy charged in the indictment, then the first element,

23    the existence of the conspiracy, has been established.

24         Now the second element that the Government has to

25    prove beyond a reasonable doubt is that the defendant

JURY CHARGE                                           1608

1    knowingly and willfully became a member of a conspiracy; that

2    he joined the conspiracy.

3           An individual may become a member of a conspiracy

4    without full knowledge of all of the details of the

5    conspiracy.  However, merely being present at a place where

6    criminal conduct is happening or mere association with one or

7    more members of the conspiracy does not automatically make a

8    person a member of the conspiracy to commit a crime.  So a

9    person who has no knowledge of a conspiracy, but happens to

10   act in a way that furthers some objective or purpose of the

11   conspiracy, doesn't automatically become a member of the

12   conspiracy.  Mere association by a defendant with a

13   conspirator does not make the defendant a member of the

14   conspiracy, even if he knows of the conspiracy.  In other

15   words, knowledge isn't enough.  The law require that the

16   defendant himself intentionally have participated in the

17   conspiracy with knowledge of at least some of the purposes or

18   objectives of the conspiracy, and with the purpose of helping

19   to achieve at least one of the conspiracy's unlawful purposes.

20          The extent of a defendant's participation in a

21   conspiracy doesn't bear on the issue of guilt.  Some

22   conspirators might play major roles.  Others may play minor

23   roles.  An equal role is not what the law requires.  In fact,

24   even a single act may be enough to find the defendant guilty

25   of conspiracy if that act was done knowingly and

1    intentionally.  Moreover, a defendant doesn't need to know the

2    identity of each and every member of the conspiracy, and he

3    doesn't need to know everything the conspiracy intends to do.

4    A defendant also doesn't have to be a member of the conspiracy

5    for the entire time of the conspiracy's existence.

6            The key inquiry is whether the defendant joined the

7    charged conspiracy with an awareness of at least some of the

8    basic aims and purposes of the unlawful agreement and with the

9    intent to help it succeed.

10           I'm now going to turn to the specific counts of the

11   indictment.  I emphasize again that you have to consider each

12   count separately.  You're going to be asked to render separate

13   verdicts as to each count.

14           Now I'm going to go through these counts a little

15   bit out of order, because I grouped them in a way that I think

16   will make it easier to understand.  You can do them out of

17   order.  You can do them together.  You can select whatever

18   order you believe makes the most sense.

19           Let me start with Count Two first.

20           Count Two of the indictment charges the defendant

21   with conspiracy to commit murder of United States nationals.

22   It alleges that the defendant, together with others, undertook

23   the following overt acts to further the conspiracy:  In or

24   about January 2009, he assisted in the preparation of a

25   vehicle-borne improvised explosive device for use in an attack

JURY CHARGE                                                    1610

1    on a United States military base in Afghanistan.  On or about

2    January 19th, 2009, a coconspirator detonated a vehicle-borne

3    improvised explosive device during an attack on a United

4    States military base in Afghanistan.  And, on or about

5    January 19th, 2009, a second coconspirator drove a truck

6    containing a second vehicle-borne improvised explosive device

7    to a United States military base in Afghanistan but didn't

8    detonate that explosive device.

9           The relevant statute, the law, to Count Two is

10   Section 2332(b) of Title 18 of the United States Code, and

11   that statute says the following:

12          Whoever outside the United States engages in a

13   conspiracy to kill a national of the United States, in the

14   case of a conspiracy by two or more persons to commit a

15   killing that is a murder, and if one or more such persons do

16   any overt act to effect the object of the conspiracy, then

17   that person's guilty of a crime.

18          In order to prove that the defendant committed the

19   crime charged in Count Two, the Government has to prove each

20   of the following elements beyond a reasonable doubt:

21          First, that a conspiracy to murder one or more

22   United States nationals existed;

23          Second, that the defendant knowingly and

24   intentionally became a member of the conspiracy;

25          Third, that an overt act occurred; that is, someone

JURY CHARGE                                                      1611

1    within the conspiracy, the defendant or some other

2    coconspirator, took some action that advanced the goals of the

3    conspiracy; and

4              Fourth, that the defendant engaged in this

5    conspiracy while he was outside of the United States.

6              Now as to the first and second elements, I've

7    already explained what it means to commit an offense, to have

8    a conspiracy and to knowingly and intentionally become a

9    member.  Those same instructions apply here.

10             The third element is that an overt act occurred;

11   that is, someone within the conspiracy took some action that

12   advanced the goals of the conspiracy.  This means that the

13   Government has to prove beyond a reasonable doubt that at

14   least one of the conspirators, not necessarily the defendant,

15   committed at least one overt act in furtherance of the

16   conspiracy.  In other words, there must have been something

17   more than an agreement.  Some overt step or action must have

18   been taken by the defendant or one of the conspirators in

19   furtherance of the conspiracy.  The overt act element, to put

20   it another way, is a requirement that the agreement went

21   beyond the mere talking and agreement stage.  Someone did

22   something to further it.

23             With respect to this overt act requirement, the

24   Government may satisfy it by proving one of the overt acts

25   alleged in the indictment, but it's not required to prove any

JURY CHARGE                                                    1612

1    of those particular overt acts.  It's enough that the

2    Government proved that at least one overt act was committed in

3    furtherance of the conspiracy, whether or not that particular

4    act is alleged in the indictment.

5            Similarly, it's not necessary for the Government to

6    prove that each member of the conspiracy committed or

7    participated in the overt act.  It is sufficient if you find

8    at least one overt act was, in fact, performed by at least one

9    coconspirator, whether the defendant or another coconspirator,

10   to further the conspiracy within the time frame of the

11   conspiracy.

12           Remember, as I've told you a couple minutes ago, the

13   act of any one of the members of a conspiracy done in

14   furtherance of the conspiracy becomes under the law the act of

15   all the other members of the conspiracy.  To be a member of

16   the conspiracy, therefore, it's not necessary for the

17   defendant to have committed the overt act.

18           Now, the fourth and final element is that the

19   defendant engaged in the charged conspiracy while outside the

20   United States.  Thus, you must find that the defendant's

21   illegal agreement to kill United States nationals existed

22   outside of the United States and that the defendant knowingly

23   and willfully engaged in that conspiracy while outside the

24   United States.

25           For you to determine whether the Government has

JURY CHARGE                                                    1613

1    proved the charged conspiracy, I need to explain the meaning

2    of two phrases:  "United States national" and "murder."

3            The "United States national," that just means a

4    citizen of the United States.

5            "Murder" is the unlawful killing of a human being

6    with what is called "malice aforethought."  To act with malice

7    aforethought means to act willfully with the intent to kill

8    another person.  "Willfully" means to act with knowledge that

9    one's conduct is unlawful and with the intent to do something

10   that the law forbids; that is to say with the bad purpose

11   either to disobey or disregard the law.  The defendant's

12   conduct isn't willful if it's due to negligence, inadvertence,

13   or mistake.  However, the Government doesn't need to prove

14   spite, malevolence, hatred, or ill will.

15           I remind you that this count does not allege that

16   the murder of a United States national was actually committed,

17   and the Government doesn't need to prove that the murder of a

18   United States national was actually committed or attempted.

19   Rather, Count Two charges the defendant with a conspiracy;

20   that is, conspiring to murder United States nationals.

21           Let's go on to Count Three.

22           Count Three is conspiracy to use a weapon of mass

23   destruction.  It alleges in relevant part that in or about

24   January 2009, within the extraterritorial jurisdiction of the

25   United States, the defendant, without lawful authority, did

JURY CHARGE                                                    1614

1    knowingly and intentionally conspire to use a weapon of mass

2    destruction, here, an explosive device, against one or more

3    nationals of the United States, here, U.S. military personnel

4    in Afghanistan, or property that is owned, leased, or used by

5    the United States, here, a U.S. military base in Afghanistan.

6            Now, the statute from the which Count Three comes is

7    Section 2332a(a)(1) and (3) of Title 18 of the U.S. Code.  It

8    says that:

9            A person who, without lawful authority, uses,

10   threatens, or attempts or conspires to use a weapon of mass

11   destruction against a national of the United States -- again,

12   that's a citizen -- while such national is outside the United

13   States, or against any property that is owned, leased, or used

14   by the United States, whether the property is within or

15   outside of the United States is guilty of a crime.

16           Now, to prove that the defendant committed the crime

17   charged in Count Three, the Government has to prove each of

18   the following elements beyond a reasonable doubt:

19           First, that there was a conspiracy to use a weapon

20   of mass destruction against a national of the United States

21   while that national was outside the United States, or against

22   property that is owned, leased, or used by the United States,

23   wherever that property is located.

24           Second, the Government has to prove beyond a

25   reasonable doubt that the defendant knowingly and

1    intentionally became a member of the conspiracy.

2            Now I've already explained what it means to conspire

3    to commit an offense.  I've told you about what a conspiracy

4    is.  Those same instructions apply here.

5            A "weapon of mass destruction" means a destructive

6    device, including any explosive or incendiary bomb or similar

7    device.  As I told you earlier, "United States national" or

8    "national of the United States" is simply a U.S. citizen.  The

9    term "outside of the United States" obviously includes

10   Afghanistan.

11           Unlike the conspiracy charge in Count Two, there is

12   no overt act requirement for Count Three.  And you'll notice

13   that some conspiracies require an overt act.  Some do not.

14   Count Two does.  Count Three does not.  This means that you

15   can find the elements of Count Three satisfied without finding

16   that an overt act was committed.

17           You don't need to find that the object of the

18   conspiracy in this Count Three was to use a weapon of mass

19   destruction against both a person and property.  You just need

20   to find beyond a reasonable doubt that the object of the

21   conspiracy in Count Three was to use a weapon of mass

22   destruction against either a person or property.  However, you

23   all have to be unanimous as to which one it is or if it's

24   both.  You all have to agree on that.

25           Now, Count Four charges the defendant with

1   conspiracy to use a weapon of mass destruction by a U.S.

2   national.  Specifically, Count Four alleges that in or about

3   January 2009, within the extraterritorial jurisdiction of the

4   United States, the defendant, as a national of the United

5   States, without lawful authority, did knowingly and

6   intentionally conspire to use a weapon of mass destruction,

7   here, an explosive device, outside of the United States, again

8   to attack a U.S. military base in Afghanistan.

9           The statute from which this Count Four comes from is

10  Section 2332a(b) of Title 18.  That statute states that:

11          Any national of the United States, who without

12  lawful authority, uses, or threatens, or attempts, or

13  conspires to use a weapon of mass destruction outside the

14  United States, is guilty of a crime.

15          To prove that the defendant committed the crime

16  charged in this Count Four, the Government has to prove each

17  of the following elements beyond a reasonable doubt:

18          First, that a conspiracy to use a weapon of mass

19  destruction outside the United States existed;

20          Second, that the defendant knowingly and

21  intentionally became a member of that conspiracy;

22          And third, that the defendant is a national of the

23  United States.

24          As to that first element, that a conspiracy to use a

25  weapon of mass destruction outside the United States existed,

JURY CHARGE                                      1617

1    the conspiracy does not require that the defendant have

2    intended the weapon to be used against any particular

3    interest, whether U.S. or foreign, as long as he knew that the

4    weapon would be used against some interest, and that the

5    interest was located outside the U.S.

6            Now I've already told you about conspiracy.  Use

7    those same instructions on this charge.

8            I've already told you weapons of mass destruction

9    and national of the United States.  Use those same definitions

10   here.

11           As with the conspiracy charge in Count Three, but

12   not Count Two, this Count Four has no overt act requirement.

13   Thus, you can find that the elements of Count Four are

14   satisfied without finding any overt act.

15           Count Five is conspiracy to bomb a government

16   facility.  It charges that in or about January 2009, within

17   the extraterritorial jurisdiction of the United States, the

18   defendant, together with others, did knowingly and

19   intentionally conspire to unlawfully deliver, place,

20   discharge, or detonate one or more explosives and other lethal

21   devices in, into or against a U.S. military base in

22   Afghanistan, with the intent to cause death, serious bodily

23   injury, and extensive destruction of the facility, where such

24   destruction was likely to result in major economic loss.

25           The statute here is 2332f of Title 18.  It states

*LINDA D. DANELCZYK, RPR, CSR*
*Official Court Reporter*

1  that:

2          Whoever conspires to unlawfully deliver, place,

3  discharge, or detonate an explosive or other lethal device,

4  in, into or against a government facility is guilty of a

5  crime.

6          To find the defendant guilty of conspiracy to bomb a

7  U.S. government facility, you have to find that the Government

8  has proven each of the following elements beyond a reasonable

9  doubt:

10         First, that a conspiracy to deliver, place,

11 discharge, or detonate an explosive in, into, or against one

12 or more U.S. government facilities, specifically, a U.S.

13 forward operating base in Afghanistan existed;

14         Second, that the defendant knowingly and

15 intentionally became a member of that conspiracy;

16         And third, that there was federal jurisdiction over

17 the offense.

18         Again, as to the first and second elements, I've

19 explained to you what it means to have a conspiracy and to

20 knowingly join it.  Those same instructions apply here.

21         As to the third element, there's federal

22 jurisdiction over an offense that occurred outside the United

23 States if:

24         The defendant is a national of the United States, a

25 U.S. citizen; or the intended victim or victims are nationals

JURY CHARGE                                                    1619

1   of the United States; or the target of the offense was a

2   government facility of the United States, including a military

3   base.

4           You need to find only that one of these three facts

5   was proven beyond a reasonable doubt to find that there's

6   federal jurisdiction over the events.  You don't need to find

7   all the three.  However, you have to be unanimous as to which

8   one it is.

9           For you to determine whether the Government has

10  proven the charged conspiracy, I have to explain briefly what

11  it means to "bomb a Government facility" under this statute.

12  To prove this, the Government has to establish the following

13  elements beyond a reasonable doubt:

14          First, that the defendant unlawfully delivered,

15  placed, discharged, or detonated an explosive in, into, or

16  against a place of public use, or a state or government

17  facility;

18          And two, that the defendant had the intent to cause

19  death or serious bodily injury, or extensive destruction of

20  that place or facility, where the destruction would result, or

21  likely result, in major economic loss.

22          "Government facility" includes any permanent or

23  temporary facility that is used or occupied by U.S. Government

24  representatives.  An "explosive" includes any explosive or

25  incendiary device, such as "dynamite" and all other forms of

JURY CHARGE                                              1620

1  high explosives, including a bomb, grenade, missile, similar

2  device, and any incendiary bomb or grenade, fire bomb, or

3  similar device.

4          The second element that the Government has to prove

5  beyond a reasonable doubt is that the defendant had the intent

6  to cause either death or serious bodily injury, or extensive

7  destruction of such place or facility, where such destruction

8  results in or is likely to result in major economic loss.

9          The Government needs to prove only one of these

10  objects; it doesn't have to prove both.  However, you again

11  must all be unanimous as to which one or both it has proved.

12          I don't need to define the word "death" for you.

13  You know what that means.  "Serious bodily injury" means

14  bodily injury that involves a substantial risk of death,

15  extreme physical pain, protracted and obvious disfigurement,

16  or protracted loss or impairment of the function of a bodily

17  member, organ or mental faculty.

18          With respect to the "intent to cause extensive

19  destruction" requirement, it's sufficient if the defendant's

20  intent was to significantly damage the government facility.

21  When determining whether the act resulted in, or was likely to

22  result in, major economic loss, you may consider the likely

23  physical damage to the government facility, as well as other

24  types of economic loss, including the monetary loss or other

25  adverse affects resulting from the interruption of the

1  facility's activities.  You may also consider the adverse

2  effects on the economy and the government.

3          Count Five doesn't allege that a bombing of a

4  government facility was actually committed, and the Government

5  doesn't need to prove that a government facility was bombed or

6  even attempted to be bombed.  Rather, Count Five, like Counts

7  Two, Three and Four, charges the defendant with conspiracy;

8  that is, conspiring and entering into and joining an agreement

9  to bomb a government facility.

10          Now let me go backwards in the indictment to Count

11  One.

12          Count One charges the defendant with the use of

13  explosives, attempted use of explosives, or aiding and

14  abetting the use of explosives.  Specifically, Count One

15  alleges, in relevant part, that on or about January 19th,

16  2009, within the extraterritorial jurisdiction of the United

17  States, the defendant, together with others, did knowingly,

18  intentionally, and maliciously damage or destroy, or attempt

19  to damage or destroy, by means of fire and explosives,

20  buildings, vehicles, or other personal or real property, in

21  whole or in part, owned or possessed by, or leased to the

22  United States, here, the military base in Afghanistan, causing

23  personal injury or creating a substantial risk of injury.

24          The applicable statutes here's are

25  Sections 844(f)(1) and (f)(2) of Title 18, and they state:

JURY CHARGE                                            1622

1          Whoever maliciously damages or destroys, or attempts

2    to damage or destroy, by means of fire or an explosive, any

3    building, vehicle or other personal or real property, in whole

4    or in part, owned or possessed by, or leased to, the United

5    States is guilty of a crime.

6          The Government has charged the defendant with this

7    crime under several legal theories.  One that is called

8    "primary liability," and then two others that are "alternative

9    theories of liability."  The Government charged the defendant

10   in the alternative with using explosives, that's the primary

11   liability theory; attempting to use explosives, that's a

12   secondary liability theory; and aiding and abetting the use of

13   explosives, another secondary liability theory.  These latter

14   two are called the "alternative theories."  The Government

15   also has alleged a fourth theory, which is called

16   "coconspirator liability."  I'm going to go through each one

17   of these.

18         First, to prove that the defendant violated

19   Count One by using explosives, the Government has to prove

20   each of the following elements beyond a reasonable doubt.

21         First, that the defendant, by means of fire or

22   explosive, damaged or destroyed property;

23         Second, that the property was, in whole or in part,

24   owned by, possessed by, or leased to, the United States;

25         And third, that the defendant acted maliciously.

JURY CHARGE                                              1623

1          The first element means that the Government must

2     prove beyond a reasonable doubt that the defendant, by means

3     of fire or explosive, damaged or destroyed property.  I told

4     you what "explosive" means; use that definition here.

5          To find beyond a reasonable doubt that the property

6     in question was destroyed or damaged by an explosive, you

7     don't need to find that the explosion actually occurred, you

8     only need to find that the substance as used was such that

9     when ignited it may cause an explosion.

10         The term "explosion" is used in its customary and

11    ordinary sense; that is, an explosion is the rapid expansion

12    of gases caused by a rapid combustion of a material which may

13    cause a sharp noise.

14         If you find that the defendant damaged or destroyed

15    property, by means of fire or explosive, as I have defined

16    that term for you, the first element of the offense is

17    satisfied.

18         Now the second element that the Government has to

19    prove beyond a reasonable doubt is that the property that was

20    damaged or destroyed was federal property.  Federal property

21    includes any building, vehicle, or other real or personal

22    property in whole or in part owned, possessed, or used by the

23    U.S. Government, or any of its departments or agencies, or any

24    institutional organization receiving federal financial

25    assistance.

JURY CHARGE                                                    1624

1        The third element that the Government has to prove

2   beyond a reasonable doubt is that the defendant acted

3   maliciously, with malicious intent.

4        To act with malicious intent means to act either

5   intentionally or with willful disregard of the likelihood that

6   damage will result, and not by mistake or through

7   carelessness.  To find the defendant guilty, you must also

8   find the defendant used the explosive with the intent to cause

9   damage or harm, or that he did so recklessly and without

10  regard to the likelihood that such damage or harm would

11  result.

12       Now, if you find that the Government did not prove

13  beyond a reasonable doubt that the defendant used explosives,

14  the Government has three other theories on which it could

15  still prevail.  The first is the theory of "attempt."  The

16  second is the theory of "aiding and abetting."  The third is

17  "coconspirator liability."

18       If you find that the Government has not proven

19  beyond a reasonable doubt that the defendant used explosives,

20  then you should also consider whether the Government has met

21  its burden of proving defendant's guilt beyond a reasonable

22  doubt by considering the theories of attempt, aiding and

23  abetting, and coconspirator liability.  I remind you that the

24  Government needs to prove only one of these alternatives for

25  you to find the defendant guilty on Count One.  The Government

1  doesn't need to prove all of them.  So let me go through each

2  one.

3              To find the defendant guilty of attempt, that is

4  attempted use of explosives, the Government must prove the

5  following two elements beyond a reasonable doubt:

6              First, that the defendant intended to commit the

7  crime of using explosives;

8              And second, that the defendant did some act that was

9  a substantial step in an effort to bring about or accomplish

10  the crime.

11              Merely intending to commit a specific crime, without

12  more, does not amount to an attempt.  To convict the defendant

13  of an attempt, you must find beyond a reasonable doubt that

14  the defendant intended to commit the crime charged and that he

15  took action that was a substantial step towards the commission

16  of that crime.

17              Now, ladies and gentlemen, I know these instructions

18  are long, but I want to be sure everyone's following me,

19  everyone's still paying attention.  Okay.  That's good.

20              Now, in determining whether the defendant's actions

21  amounted to a substantial step, it is necessary to distinguish

22  between mere preparation on the one hand and the actual doing

23  of the criminal deed on the other.  Mere preparation, which

24  may consist of planning the offense, or of devising,

25  obtaining, or arranging a means for its commission, is not an

JURY CHARGE                                                    1626

1   attempt, although some preparations may amount to an attempt.

2   The acts of a person who intends to commit a crime will

3   constitute an attempt when the acts themselves clearly

4   indicate an attempt to commit a crime and the acts are a

5   substantial step in the course of conduct planned to end in

6   the commission of that crime.  A defendant may be convicted of

7   an attempt even where significant steps necessary to carry out

8   the substantive crime are not completed.

9          Now, next theory.  The defendant may also be found

10  guilty on Count One if you find beyond a reasonable doubt that

11  he aided and abetted the use of explosives.  As I told you

12  before, aiding and abetting, like attempt, is an alternate

13  legal theory under which the Government can prove the

14  defendant guilty of the crime charged in this Count One.  You

15  only need to consider this alternative if you find that the

16  Government did not prove beyond a reasonable doubt that the

17  defendant used explosives or attempted to use explosives.

18         The "aiding and abetting" statute provides that:

19         Whoever commits an offense against the U.S., or

20  aids, abets, counsels, commands, induces or procures its

21  commission is punishable as a principle; that is, as the one

22  who committed the crime.

23         Under the aiding abetting statute, it's not

24  necessary for the Government to show that the defendant

25  himself physically committed the crime charged in Count One to

JURY CHARGE                                                    1627

1    meet its burden of proof.  This is so because, under the law,

2    somebody who aids and abets somebody else to commit an offense

3    is just as guilty of that offense as if he committed it

4    himself.

5              Accordingly, you can find the defendant guilty of

6    the offense charged in Count One if you find beyond a

7    reasonable doubt that the Government has proven that another

8    person actually committed the offense with which the defendant

9    is charged, and that the defendant aided or abetted that

10   person in the commission of the offense.

11             To find the defendant guilty of aiding and abetting

12   a crime, you have to first find that some person did actually

13   commit the crime charged.  So it's different in that way than

14   attempt.  Obviously, no one can be convicted of aiding or

15   abetting the criminal acts of another if no crime was

16   committed by the other person in the first place.  But if you

17   do find that a crime was committed, then you must consider

18   whether the defendant aided or abetted the commission of that

19   crime.

20             To aid or abet another person to commit a crime,

21   it's necessary that the defendant knowingly associate himself

22   in some way with the crime, and that he participate in the

23   crime by doing some act to help make the crime succeed.  To

24   establish that the defendant knowingly associated himself with

25   the crime, the Government has to establish that the defendant

1    knew and intended that the crime charged in Count One be

2    committed.

3           To establish that the defendant participated in the

4    commission of the crime, the Government must prove that the

5    defendant engaged in some affirmative conduct or overt act for

6    the specific purpose of bringing about that crime.

7           The mere presence of the defendant where a crime is

8    being committed, even coupled with knowledge by the defendant

9    that a crime is being committed, or merely associating with

10   others who were committing a crime, is not sufficient to

11   establish aiding and abetting.  One who has no knowledge that

12   a crime is being committed or is about to be committed but

13   inadvertently or accidentally does something that aids in the

14   commission of that crime, isn't an aider or abettor.  An aider

15   and abettor must know that the crime is being committed and

16   act in a way which is intended to bring about the success of

17   the criminal venture.

18          To determine whether the defendant aided or abetted

19   the commission of the crime charged in Count One, or caused

20   the commission of that crime, ask yourself these questions:

21          First, did the defendant participate in the crime

22   charged as something he wanted and wished to bring about?

23          Second, did the defendant knowingly and willingly

24   associate himself with the criminal venture?

25          And third, did the defendant seek by his actions to

1   make the criminal ventures succeed?

2           If he did, then the defendant is an aider and

3   abettor and guilty of the offense.  If, on the other hand, he

4   didn't, then he's not an aider and abettor and you must find

5   him not guilty on this aiding and abetting theory under Count

6   One.

7           (Continued on next page.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE COURT:  Now, let me keep going through the

2     alternatives.

3          If you do not find that the Government has proven

4     beyond a reasonable doubt each element of Count One as the to

5     defendant's personal participation in either using explosives,

6     attempting to use explosives, or aiding and abetting somebody

7     else in the use of explosives, then you must evaluate the

8     possible guilt on Count One on the basis of what is called

9     co-conspirator liability.  If you find that the Government has

10    proven beyond a reasonable doubt that the defendant was a

11    participant in the conspiracy charged in Count Five,

12    conspiracy to bomb a Government facility, then under certain

13    specific conditions that I'm going to explain to you, you may,

14    but are not required to, find the defendant guilty of the

15    substantive crime charged against him in Count One under the

16    theory of co-conspirator liability.  To find the defendant

17    guilty using this theory of co-conspirator liability.  You,

18    have to find that the Government has proven beyond a

19    reasonable doubt each of the following five additional

20    elements.

21         First, of that someone in fact committed the

22    substantive crime charged in Count One.

23         Second, that the person or persons who committed

24    that substantive crime charged in Count One were members of

25    the conspiracy charged in Count Five.

JURY CHARGE                                                1631

1          Third, that the commission of the substantive crime

2   charged in Count One was pursuant to a common plan and

3   understanding that you found to exist among the conspirators.

4          Fourth, that the defendant was a member of that

5   conspiracy charged in this Count Five at the time that the

6   substantive crime charged in Count One was committed.

7          And Fifth, that the defendant could have reasonably

8   have foreseen that one of his co-conspirators might commit the

9   substantive crime charged in Count One.  An offense by a

10  co-conspirator is deemed to be reasonably foreseeable if it is

11  a necessary or natural consequence of the unlawful agreement.

12         If you find that the Government has proven all five

13  of these elements beyond a reasonable doubt then you may find

14  the defendant guilty of the substantive crime charged in Count

15  One, even if the defendant did not personally participate in

16  the acts constituting the crime and even if he did not have

17  actual knowledge of it, but only if that offense was

18  foreseeable to the defendant.

19         The reason for this rule, this theory, is simply

20  that a co-conspirator who commits a substantive crime pursuant

21  to a conspiracy is regarded as a partner of the other

22  co-conspirators.  Therefore, all of the co-conspirators must

23  bear criminal responsibility for the commission of the

24  foreseeable substantive crimes committed by the conspiracy's

25  members.

JURY CHARGE                                                    1632

1          If, however, you're not satisfied as to the

2    existence of any of these five elements beyond a reasonable

3    doubt, then you may not find the defendant guilty of the

4    substantive crime charged in Count One, unless the Government

5    proves beyond a reasonable doubt that the defendant personally

6    committed, attempted to commit, or aided or abetted the

7    commission of the crime.

8          So what I just said, ladies and gentlemen, that

9    brings you back to the other theories that I went through

10   previously.  If you find that the Government has proven the

11   defendant's guilt on Count One beyond a reasonable doubt,

12   whether you find that he committed the crime, or he attempted

13   to commit the crime, or he aided and abetted the commission of

14   the crime, or is liable under the theory of co-conspirator

15   liability that I just explained, then there is one more issue

16   for you to decide.  You'll see this question on the verdict

17   form that I give you.  It asks to you indicate whether the

18   Government has proven that the defendant's actions directly or

19   proximately caused personal injury or created a substantial

20   risk of injury to any person.

21          "Directly caused" means that the conduct of the

22   defendant or a co-conspirator directly resulted in the injury

23   in question.

24          "Proximately caused" means there had to have been a

25   sufficient causal connection, causation in fact, between some

1    member of the conspiracy and the injury to any victim.  An act

2    is a "proximate cause" if it naturally and probably led to and

3    might have been expected to produce the injury, or if a

4    reasonable person would regard the act as the cause of the

5    injury.

6            "Personal injury" means any injury, no matter how

7    temporary.  It includes physical pain, as well as any burn,

8    cut, abrasion, bruise, disfigurement, illness or impairment of

9    a bodily function.

10           An act creates a "substantial risk of injury" if

11   it's substantially likely to produce an injury to any person,

12   whether or not the injury results.

13           All right.  Let me talk to you about Count Six and

14   Seven, which has some overlaps so that we'll discuss them

15   together.  Count Six charges the defendant with conspiring to

16   provide material support to terrorists, while Count Seven

17   charges the defendant with providing or attempting to provide

18   material support to terrorists.  Specifically, Count Seven of

19   the Indictment alleges that "in or about and between

20   December 2006 and October 2014, both dates being approximate

21   and inclusive, within the extraterritorial jurisdiction of the

22   United States" the defendant, together with others, did

23   knowingly and intentionally provide or attempt to provide

24   material support and resources, including providing himself or

25   others, knowing and intending that they were to be used in

1    preparation for or in carrying out one or more of the

2    following violations of Title 18.

3            First, killing or attempting to kill U.S. military

4    personnel while such officers and employees were engaged in or

5    on account of the performance of their official duties.

6            Two, killing a national of the United States, here,

7    U.S. military personnel stationed outside of the U.S.

8            Three, while outside the U.S. attempting or

9    conspiring to kill a national of the U.S., here U.S. military

10   personnel.

11           Count Six charges the defendant with conspiring to

12   commit the same offense during the same time frame.  Now the

13   statute relevant to both of these counts, Six and Seven, is

14   section 2339(A)(a).  It says that, "Whoever provides material

15   support or resources knowing or intending that they are to be

16   used in preparation for or in carrying out a violation of

17   section 1114 or 2332, is guilty of a crime."

18           Now because Count Seven is the substantive offense

19   and Count Six is conspiracy to commit that substantive

20   offense, I'm going to explain them to you in reverse, Count

21   Seven first.

22           In Count Seven the Government has charged the

23   defendant in the alternative with either providing or

24   attempting to provide material support to terrorists.  To find

25   the defendant guilty of Count Seven, you have to find that the

1    Government has proven that the defendant either provided

2    material support to terrorists or that he attempted to do so.

3    The Government doesn't have to prove both.

4              To prove a violation of Count Seven for providing

5    material support to terrorists, the Government has to

6    establish each of the following elements beyond a reasonable

7    doubt.

8              First, the Government has to prove that the

9    defendant provided material support or resources including

10   himself or others.  The term "material support or resources"

11   includes personnel, people.  The term "personnel" means one or

12   more persons, which can include the defendant himself.  The

13   material support that triggers this offense does not need to

14   be support to any particular person or specified group.

15   Instead, the material support or resources must be given in

16   furtherance of a criminal offense.  If you find that the

17   defendant made himself or other persons available to the

18   charged offense, then this element is satisfied.

19             Second, the Government has to prove that the

20   defendant provided such material support or resources knowing

21   or intending that they were to be used to prepare for or carry

22   out a violation of any of the three sections I stated earlier;

23   that is, 1114, which prohibits killing or attempting to kill

24   U.S. personnel while they are engaged in their duties; or

25   2332(a), which prohibits killing a U.S. citizen while that

JURY CHARGE                                              1636

1   citizen is outside the U.S; or 2332(b), which prohibits while

2   someone is outside the United States attempting to kill a U.S.

3   citizen.

4           You don't need to find that the defendant new any

5   particular statute would be violated.  Instead, you must find

6   the defendant knew or intended that his actions would result

7   in the type of conduct forbidden under the statutes as I've

8   just described them to you.

9           You don't need to find that the defendant knew and

10  intended that the material support or resources be used to

11  prepare for or carry out all of these three objectives.  You

12  must, however, be unanimous as to which objective or

13  objectives you find that the defendant intended the material

14  support or resources to be used for or to carry out -- sorry,

15  to be used to prepare for or carry out.  "Preparation" has the

16  same meaning that you use in your lives everyday, to make

17  ready.  "Carrying out" also has the same everyday meaning, to

18  act or to do.

19          Now for the objectives that involve killing or

20  attempting to kill U.S. nationals or officers or employees of

21  the U.S.  The Government doesn't need to prove that the

22  underlying crime was in fact committed.  So long as the

23  defendant provided the material support or resources with the

24  knowledge or intent that that support or resources be used to

25  prepare for or carry out one of these objectives.  For you to

JURY CHARGE                                                    1637

1   find that the defendant provided material support or resources

2   to prepare for or carry out conspiracy to kill a national of

3   the U.S. while outside the United States, then you must find

4   that the Government has proven the existence of that

5   conspiracy beyond a reasonable doubt, whether or not the

6   defendant was a participant in that conspiracy.  In other

7   words, the Government needs to prove only that the conspiracy

8   to kill U.S. nationals existed.  The Government doesn't have

9   to prove that the defendant joined in it.  The elements of

10  that conspiracy are:

11          First, that there was a conspiracy to kill U.S.

12  nationals, whether or not the defendant joined it.

13          Second, that an overt act was committed in

14  furtherance of this conspiracy, that is, that at least one

15  member of the conspiracy took some action to advance the goal

16  or goals of the conspiracy.

17          And Third, that someone engaged in the conspiracy

18  while outside the United States.

19          Now, to prove the charge of attempted provision of

20  material support to terrorists, which is the alternative

21  theory that the Government has offered for Count Seven, the

22  Government has to prove the following two elements beyond a

23  reasonable doubt.

24          First, that the defendant intended to commit the

25  crime of providing material support to terrorists as I've

JURY CHARGE                                          1638

1    explained above.

2              And Second, that the defendant did some act that was

3    a substantial step in an effort to bring about or accomplish

4    the crime.

5              I've already instructed you on what it means to

6    attempt to commit a crime, apply those instructions here to

7    Count Seven.

8              As to Count Six, conspiracy to provide material

9    support to terrorists, the Government has to establish each of

10   the following elements beyond a reasonable doubt.

11             First, that a conspiracy to provide material support

12   to terrorists as described above in Count Seven existed.

13             Second, that the defendant knowingly and

14   intentionally became a member of that conspiracy.  Those are

15   the two elements.

16             Since I've already told you the elements of a

17   conspiracy, I'm not going to repeat them again here.

18             If you find that the Government has proven beyond a

19   reasonable doubt that the defendant is guilty on Count Six,

20   that is, conspiring to provide material support to terrorists,

21   but not that the defendant has provided or attempted to

22   provide material support to terrorists as charged in Count

23   Seven, then you must also evaluate the defendant's possible

24   guilt on Count Seven using the theory of co-conspirator

25   liability that I previously explained to you.  Just to remind

JURY CHARGE                                                    1639

1   you of those elements defined co-conspirator liability, you

2   have to find that the Government has proven beyond a

3   reasonable doubt each of the following five additional

4   elements.

5            First, that someone in fact committed the

6   substantive crime charged in Count Seven.

7            Second, that the person or persons who committed

8   that substantive crime in Count Seven were members of the

9   conspiracy charged in Count Six.

10           Third, that the commission of the substantive crime

11  charged in Count Seven was pursuant to a common plan and

12  understanding that you found to exist among the conspirators.

13           And Fourth, that the defendant was a member of that

14  conspiracy charged in Count Six at the time the substantive

15  crime charged in Count Seven was committed.

16           And fifth, that the defendant could reasonably have

17  foreseen that one of his co-conspirators might commit the

18  substantive crime charged in Count Seven.

19           If you find that the Government has proven all five

20  of these elements beyond a reasonable doubt, then you may find

21  the defendant guilty of the substantive crime charged in Count

22  Seven, even if the defendant did not personally participate in

23  the acts constituting the crime and even if he did not have

24  actual knowledge of it, so long as the offense in Count Seven

25  was reasonably foreseeable to him.

1          Now I'm going to put Counts Eight and Nine together

2    because they also overlap.  Eight, charges the defendant with

3    conspiring to provide material support to a foreign terrorist

4    organization, in particular al-Qaeda, while Count Nine of the

5    Indictment charges the defendant with providing and attempting

6    to provide material support to a foreign terrorist

7    organization, in particular al-Qaeda.  Specifically, Count

8    Nine of the Indictment alleges that "in or about and between

9    December 2006 and October 2014, both dates being approximate

10   and inclusive, within the extraterritorial jurisdiction of the

11   U.S.," the defendant together with others did knowingly and

12   intentionally provide or attempt to provide material support

13   or resources, including himself or others, to the foreign

14   terrorist organization, al-Qaeda, which has been designated by

15   the Secretary of State as a foreign terrorist organization

16   since October 1999, and that defendant provided those

17   resources knowing that al-Qaeda was a designated terrorist

18   organization and that al-Qaeda had engaged in and was engaging

19   in terrorist activity and terrorism.  Count nine further

20   alleges that the defendant is a national of the United States,

21   that the offense occurred in and affected interstate and

22   foreign commerce, and that, after providing that support the

23   defendant was brought into and found in the United States.

24          Count Eight charges the defendant with conspiracy to

25   commit the same offense during the same time frame.  That

1    statute for Count Eight says, whoever knowingly provides

2    material support or resources to a foreign terrorist

3    organization or attempts or conspires to do so, is guilty a

4    crime.  Because Count Nine is the substantive offense and

5    Count Eight is the conspiracy to commit that substantive

6    offense, I'm going to explain them to you in reverse like I

7    did in Six and Seven.

8              Count Nine charges the defendant in the alternative

9    with either providing or attempting to provide material

10   support to a foreign terrorist organization.  To find the

11   defendant guilty of Count Nine you have to find that the

12   Government has proven that the defendant either provided

13   material support to a foreign terrorist organization, or that

14   he attempt to do so.  The Government does not need to prove

15   both.

16             To prove a violation of Count Nine for providing

17   material support to al-Qaeda, the Government must establish

18   each of the following elements beyond a reasonable doubt.

19             First, that the defendant provided material support

20   or resources.

21             Second, that the defendant provided the support or

22   these resources to a foreign terrorist organization,

23   specifically al-Qaeda.

24             Third, that the defendant did so knowingly and

25   intentionally.

1          And Fourth, that there was federal jurisdiction over

2     the offense.

3          I'm going to go through each one of these elements.

4     The first element is that the defendant provided material

5     support or resources.  The defendant can be convicted for a

6     violation of this statute in connection with providing

7     personnel if you find that he has knowingly provided one or

8     more individuals, which may include himself, to work under

9     al-Qaeda's direction or control.  However, the defendant can't

10    be convicted if he were entirely independent of al-Qaeda to

11    advance its goals and objectives.  I've already defined the

12    terms "material support or resources" and "personnel" and you

13    should apply those definitions on this count.

14         The second element that you have to find beyond a

15    reasonable doubt is that the defendant provided these

16    resources to a foreign terrorist organization; namely,

17    al-Qaeda.  I instruct you as a matter of law that al-Qaeda is

18    in fact designated as a foreign terrorist organization.  That

19    was done by the U.S. Secretary of State on October 8, 1999.

20    For that reason, if you find beyond a reasonable doubt that

21    the defendant provided material support or resources, as I've

22    just defined those terms, to al-Qaeda during the period

23    charged in the Indictment, the Government's burden with

24    respect to the element of foreign terrorist organization will

25    have been met.

1          The third element that you must find beyond a

2    reasonable doubt is that in providing material support or

3    resources to al-Qaeda, the defendant did so knowingly and

4    intentionally.  I previously explained to you what "knowingly"

5    and "intentionally" means, use those definitions.  For this

6    element to be satisfied the Government must prove that the

7    defendant knew one of the following three things.

8               First, that al-Qaeda had been designated by the

9    Secretary of State as a foreign terrorist organization.

10              Or Two, that al-Qaeda engaged in terrorist activity.

11              Or Three, that al-Qaeda engaged in terrorism.

12              For these purposes the term "terrorist activity"

13   includes any of the following actions:

14              Hijacking, or sabotage of an aircraft, vessel,

15   vehicle, train or other conveyance.

16              Seizing, detaining or threatening to kill, injure or

17   further detain another person to compel or coerce some

18   third-party, including a Government, to do or abstain from

19   doing some act.

20              Three, a violent attack on an internationally

21   protected, person including employees and officials of

22   Governments or international organizations.

23              Four, assassination.

24              Five, use of any chemical, biological or nuclear

25   weapon or device with intent to endanger directly or

JURY CHARGE                                      1644

1   indirectly, the safety of one or more individuals or to cause

2   substantial damage to property.

3           Six, using any explosive, firearm or weapon or other

4   dangerous device other for monetary gain and with intent to --

5   the use of any explosive, firearm or other weapon or dangerous

6   device other than for monetary gain.  And with the intent to

7   endanger directly or indirectly the safety of one or more

8   individuals, or to cause substantial damage to property.

9           Or, a threat, attempt or conspiracy to do any of

10  those first six things I read to you.

11          For these purposes the term "terrorism" means

12  premeditated, politically motivated violence perpetrated

13  against non-combatant targets by sub-national groups or

14  clandestine agents.

15          The fourth element is that there was federal

16  jurisdiction over the offense.  The Government has to prove

17  that was well.  There is federal jurisdiction over the offense

18  if the defendant is a United States national; or after the

19  conduct required for the offense occurred, the defendant was

20  brought into or found in the United States; even if the

21  conduct required for the offense occurred outside the United

22  States; or the offense occurs in or affects interstate or

23  foreign commerce.

24          With respect to the second option, it doesn't matter

25  if the defendant was brought to the U.S. by law enforcement

JURY CHARGE                                                          1645

1  personnel.  It's sufficient to satisfy this element so long as

2  you find that he was brought into the U.S. after the conduct

3  required for the offense occurred.

4          With respect to the third option, the Government

5  needs to prove only that there was a minimal affect on

6  interstate or foreign commerce.  Any affect, even an indirect

7  or slight one, is sufficient, and that affect may be harmful

8  or beneficial to interstate or foreign commerce.

9          Now as to Count Nine, to prove the charge of

10 attempting to provide material support to a foreign terrorist

11 organization, the Government has to prove two elements beyond

12 a reasonable doubt.

13         First, that the defendant intended to commit the

14 crime of providing material support to a foreign terrorist

15 organization.

16         And Second, that the defendant did some act that was

17 a substantial step in an effort to bring about or accomplish

18 the crime.  I already told you what it means to attempt to

19 commit a crime, so I'm not going to repeat that again.

20         As to Count Eight, conspiring to provide material

21 support to a foreign terrorist organization, the Government

22 has to establish each of the following elements beyond a

23 reasonable doubt.

24         First, that a conspiracy to provide material support

25 to a foreign terrorist organization, specifically al-Qaeda,

JURY CHARGE                                          1646

1    exists.

2            Second, that the defendant knowingly and

3    intentionally became a member of the conspiracy.  Those are

4    the two elements.

5            As I've already explained those elements of the

6    conspiracy, I'm not going to repeat them here.

7            If you find that the Government has proven beyond a

8    reasonable doubt that the defendant is guilty on Count Eight;

9    that is, conspiring to provide material support to a foreign

10   terrorist organization, but not that the defendant has

11   provided or attempted to provide material support to a foreign

12   terrorist organization as charged in Count Nine, then you must

13   also evaluate the defendant's possible guilt on Count Nine

14   using the theory of co-conspirator liability that I previously

15   explained.  I'll remind you of those elements again as they

16   apply to this Count Nine.

17           First, that someone in fact committed the

18   substantive crime charged in Count Nine.

19           Second, that the person or persons who committed the

20   substantive crime charged in Count Nine were members of the

21   conspiracy charged in Count Eight.

22           Third, that the commission of the substantive crime

23   charged in Count Nine was pursuant to a common plan and

24   understanding that you found to exist among the conspirators.

25           Fourth, that the defendant was a member of that

JURY CHARGE                                                                     1647

1    conspiracy charged in Count Eight at the time the substantive

2    crime charged in Count Nine was committed.

3            Fifth, that the defendant could reasonably have

4    foreseen that one of his co-conspirators might commit the

5    substantive crime charged in Count Nine.

6            If you find that the Government has proven all five

7    of these elements beyond a reasonable doubt, then you may find

8    the defendant guilty of the substantive crime charged in Count

9    Nine, even if the defendant did not personally participate in

10   the acts constituting the crime and even if he did not have

11   actual knowledge of it so long as the offense in Count Nine

12   was reasonably foreseeable to the defendant.

13           Okay.  Just a few brief instructions, ladies and

14   gentlemen, about how to deliberate.  I want to give you a

15   little guidance to undertake the difficult job that you're

16   about to undertake.  Your function to reach a fair conclusion

17   from the law and the evidence is a vital one.  If the

18   Government succeeds in meeting its burden of proof your

19   verdict should be guilty.  If it fails, it should be not

20   guilty.

21           Each of you on the jury has to decide the case for

22   yourself after consideration of the evidence in this case with

23   your fellow jurors.  You shouldn't hesitate to change an

24   opinion that, after discussion with your fellow of jurors,

25   appears erroneous.  That's the very purpose of jury

1   deliberation, to discuss and consider the evidence, to listen

2   to the arguments of fellow jurors, to present your individual

3   views, to consult with one another, and to reach an agreement

4   based solely and wholly on the evidence.  If you can do so

5   without violence to your own individual judgment.

6           Your verdict has to be unanimous.  That is, all of

7   you must ultimately reach the same conclusion as to each of

8   the nine charges.  Although you can reach a unanimous verdict

9   of not guilty on one or more charges and guilty on other

10  charges.  However, if after carefully considering all the

11  evidence and the arguments of your fellow jurors, you

12  entertain a conscientious view that differs from the others,

13  you shouldn't yield your conviction simply because you're out

14  numbered.  Your final vote has to reflect your conscientious

15  judgment as to how the issues should be decided.

16          Now, no member of the jury should attempt to

17  communicate with me or any court personnel by any means other

18  than signed writing, sign it on your notepads.  I'm appointing

19  Juror Number One as the Foreperson.  Any notes will be given

20  by him to the court officer standing outside the door.  I'm

21  afraid there is no more money in being the Foreperson, there

22  is not really any real power, just serves as the focal point

23  for the communications with the Court.  If you have any

24  questions I'll respond to your request as promptly as I can by

25  having to you return to the courtroom so I can speak with you

1    in person.  I'm not going to communicate with any of you on

2    any subject touching on the merits of case other than here in

3    open court.

4                In any event, if you send out a note do not tell me

5    or any one else in the note or otherwise how you stand

6    numerically on the issue of the defendant's guilt.  Don't even

7    say that in open court until you've reached an unanimous

8    verdict on each count.  Now most, if not all, of the exhibits

9    are going to be sent into the jury room with you.  If during

10   deliberations you think there was an exhibit and you don't

11   have it, send out a note to the court security officer outside

12   your door and we'll look at that and see if we can get that

13   exhibit for you.  If you want to hear read back to you a

14   portion of the testimony, we can do that.  But please, if you

15   ask for that be as specific as you possibly can because it

16   takes sometime to go through the transcript and find the

17   portion that you're looking for.  So the more specific you

18   are, the less time you'll have to wait to get it.  Tell us who

19   the witness is and what particular topic you need to hear read

20   back to you so that it's easier and faster for us to find.

21               Now the way it's going to work, when you've reached

22   the verdict is this.  You're going to send out a note on a

23   piece of note paper by your Foreperson that simply is going to

24   say we have reached a unanimous verdict signed foreperson.

25   Give that to the court officer, the court officer will give it

JURY CHARGE                                          1650

1    to me, then I will bring you in.

2            Now you also have with you in the jury room this

3    verdict sheet, just a series of questions as to each one of

4    the counts, how do you find guilty or not guilty as to each

5    one of the counts.  When I bring you back into the courtroom

6    after you sent out your note saying you have reached a

7    unanimous verdict, the Foreperson will bring this form with

8    the completed form.  I will then ask you, is it correct that

9    it says in your note that you reached a unanimous verdict as

10   to each count.  If you say yes, then I'll take the verdict

11   form from you at that point and I'll read it out loud.

12           So the verdict form, as I said, it's very straight

13   forward.  But for that reason don't infer from the wording of

14   any question on the form or from anything that I said or said

15   in instructing you concerning any of the issues that I have a

16   view as to what your answer should be.  As I told you, this is

17   all yours, this case.  I have no view.  It is your

18   responsibility and obligation.

19           All right, remember again, that your final vote has

20   to reflect your conscientious conviction as to how the issue

21   should be decided.  Your verdict has to be unanimous as to

22   each count.  Remember that the parties and I are relying on

23   you to give full and conscientious deliberation and

24   consideration to the issues and evidence before you.

25           Your oath sums up your duty, and it's this, without

1   fear or favor, you will truthfully try the issues between

2   these parties according to the evidence given to you in court

3   and the laws of the United States.

4             All right.  Let's have the court officer come

5   forward.

6             COURTROOM DEPUTY:  Raise your right hand.

7             (Whereupon, the Court Officer was sworn.)

8             THE COURT:  Ladies and gentlemen, you may commence

9   your deliberations.  I'm going to ask the last three jurors on

10  the top row to remain there for a minute.  Ms. Clarke will

11  come back in after she puts the jurors in the jury room.

12            MR. RUHNKE:  Judge, sidebar before the jury leaves?

13            THE COURT:  Yes.

14            (Continued on the next page.)

15            (Sidebar conference.)

16

17

18

19

20

21

22

23

24

25

SIDEBAR CONFERENCE                               1652

1          THE COURT:  Anything I read wrong that needs to be

2    corrected, not a late attempt to redo the instructions?

3          MR. RUHNKE:  No, sir.  But we do wish to reserve our

4    objections to any of the objections previously made.

5          THE COURT:  So noted.

6          MR. RUHNKE:  We come to sidebar for that purpose.

7          MR. MAHER:  May we request that your Honor tell the

8    jury one more time so that it's clear that your Honor's

9    displaying the Part Two of the instructions on the computer

10   screen in no way means that Part One and Three are not as

11   important.  It was just for their convenience.

12         THE COURT:  That's fine.

13         (End of sidebar conference.

14         (Continued on the next page.)

15

16

17

18

19

20

21

22

23

24

25

1              (In open court.)

2              THE COURT:  The only other thing I would mention to

3    you, I put Part Two, the substantive charges, up on the screen

4    because, as you can tell, that was rather complex.  I thought

5    it might help to you read along.  Don't think for a minute

6    that that section of the instructions is any more important

7    than parts One and Three.  You have to consider the

8    instructions all together, all equally important during your

9    deliberations.

10             Thank you all, the top row may begin deliberations.

11             (The jury retired to commence deliberations at

12   11:38 a.m.)

13             (Jury exits.)

14             THE COURT:  Everyone be seated.  I want to thank you

15   and let you know that whatever happens to the case from this

16   point on, having you here is a tremendous security blanket.

17   We could not have done a trial if we were all apprehensive

18   about the possibility of needing you alternates.  Because we

19   still may, I'm not going to let you completely go yet.  What

20   I'm going to do is this.  Ms. Clarke is going to bring you to

21   another room, separate from the jurors.  You can stay in that

22   room if you want or can you leave that room and go around the

23   courthouse, if you want.  But she's got to have your number so

24   we can get you back here on a moment's notice in case we do

25   need you.