# DAVID B. SMITH, PLLC

**Nicholas D. Smith**
1123 Broadway, Ste 909
New York, NY 10010
917.902.3869
nds@davidbsmithpllc.com

**David B. Smith**
108 North Alfred Street, 1st FL
Alexandria, VA 22314
703.548.8911 / fax 703.548.8935
dbs@davidbsmithpllc.com

June 25, 2026

**<u>VIA ECF</u>**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

> RE:   United States v. Michael McMahon, et al., 1:21-cr-265-PKC
>       Motion for Return of Fine and Assessment Funds

Dear Judge Chen:

At sentencing in this matter, the Court ordered Michael McMahon to pay an $11,000 fine and $300 assessment. Judgment, ECF 380 at 7. While his appeal of the judgment was pending, McMahon received a presidential pardon, mooting appellate review. The Circuit thus vacated the judgment and remanded with instructions to dismiss the case against McMahon as moot. ECF 405. This Court did so. 5/11/2026 Order. McMahon now moves the Court for an order directing the Clerk's Office to return the funds he paid to satisfy the fine and assessment.[1]

The government needs a legal basis for taking and continuing to hold its citizens' property. Here, it was entitled to McMahon's fine and assessment only because of the Court's judgment. "Absent [his] convictions," the United States "would have no legal right to exact and retain [his] funds." *Nelson v. Colorado*, 581 U.S. 128, 132 (2017). When the judgment was vacated, the legal basis for holding McMahon's funds went with it. "[V]acated court orders are void ab initio," and so "the law acts as though the vacated order never occurred." *Hewitt v. United States*, 606 U.S. 419, 431 (2025). McMahon's vacatur—as opposed to the pardon itself—"wholly nullifie[s]" the vacated order and "wipes the slate clean." *Id.* at 432. A defendant whose conviction was vacated therefore holds the same legal status as a defendant who was never convicted in the first place. *Id.* at 431-32. After vacatur, the government has no legal ground for keeping McMahon's funds and must return them. *See, e.g., United States v. Ballenger*, 811 F. Supp. 3d 123, 128 (D.D.C. 2025) (Boasberg, C.J.); *United States v. St Cyr*, 2025 WL 2466044, at *4 (D.D.C. Aug. 27, 2025).

Given the Constitution's Appropriations Clause, once a judgment has "been paid into the treasury," then it "can only be" returned "through an act of Congress." *Knote v. United States*, 95

---

[1] McMahon's counsel attempted to resolve this matter with the Clerk's Office before seeking court intervention. The office requested that counsel obtain the order McMahon seeks here.

The Honorable Pamela K. Chen
June 25, 2026
Page 2


U.S. 149, 154 (1877).  There is such a statute, 31 U.S.C. § 1304.  *Ballenger*, 811 F. Supp. 3d at 130.  Section 1304 creates a right to reimbursement of a money judgment where a defendant's conviction has been vacated.  *Id.*  Furthermore, courts have the power to undo their judgments that were reversed or vacated, restoring any payments that the now-void judgment forced a party to make.  *E.g., Nw. Fuel Co. v. Brock*, 139 U.S. 216, 219 (1891); *Nelson*, 581 U.S. at 142–43 (Alito, J., concurring in the judgment); *Ballenger*, 811 F. Supp. 3d at 130.  This rule extends to criminal cases.  *Id.*; *Nelson*, 581 U.S. at 142 (Alito, J., concurring in the judgment).

      Finally, sovereign immunity does not pose an impediment to reimbursement here.  *Ballenger*, 811 F. Supp. 3d at 132.  "Sovereign immunity might prevent [McMahon] from suing the Government without its consent, but this case arose because it was the Government that went after [McMahon]." *Id.*

      Accordingly, McMahon respectfully requests that the Court enter an order directing the Clerk's Office to return the funds he used to satisfy the fine and assessment.


                      Respectfully submitted,

                      */s/ Nicholas D. Smith*
                      Nicholas D. Smith
                      1123 Broadway, Suite 909
                      New York, NY 10010
                      Phone: (917) 902-3869
                      nds@davidbsmithpllc.com